## KILGORE vs. BONIC, ASSIGNEE, &c.

No exceptions being taken until after a verdict rendered by the circuit court sitting as a jury, the judgment will be affirmed.

### ERROR to Warren.

C. WELLS, for the Plaintiff in error.

The Plaintiff makes the following

#### POINTS.

1. The bond was assigned to McClelland, who was indebted to the maker Kilgore, and he notified of the assignment. It could not be legally transferred by the cancellation of the assignment. That McClelland did not pay McMurtry for the bond at the time, can make no difference—he promised to do so, and the sale was good.

2. It was a fraud on Kilgore to permit McClelland to hold the note until he broke, and then to re-transfer it.

WM. M. CAMPBELL, for Defendant in error.

#### POINTS AND AUTHORITIES.

1. The pretended assignment to John A. McClelland, did not divest the legal title of the bond in the said McClelland, because it was never signed.

2. The said bond was transferred to McClelland for collection merely, and McClelland never had any beneficial interest in it, and any interest that he might have acquired in said bond, by said pretended assignment, was extinguished by his delivery thereof to McMurtry to be cancelled, and the erasure of the assignment.

3. No improper testimony was admitted in the court below, on behalf of the plaintiff Bonic.

4. No objections were made nor exceptions taken in the circuit court, on account of the introduction of illegal testimony, nor was any such ground alleged as a reason for a new trial, and no objection can be raised in this court on that account. ·. 7 Mo. Rep. 120, 124, Abell & Isbell vs. Shields; 5 Mo. Rep. 387, 393, 394; Rev. Statutes 105, secs. 2, 3, 4, 5.

SCOTT, J., delivered the opinion of the court.

Kilgore executed a bond to Wm. McMurtry for $76, which was placed in the hands of John A. McClelland for collection. At the time of the delivery of the instrument to McClelland, the following words were endorsed on it to-wit: "I for value received do assign the within note to John A. McClelland." This endorsement was not signed by McMurtry, the obligee of the bond, McClelland's father was the stage proprietor on the route from St. Charles to Fayette, and was indebted to the defendant Kilgore in the sum of $100, who was a driver on the line. McClelland was agent for his father in superintending the route, and the bond was placed in his hands that he might receive the amount of it in the services of Kilgore as a driver. McClelland promised McMurtry that so soon as he could collect a sum sufficient he would pay the bond. It does not appear that the father ever knew that the bond was in the hands of his son for collection, nor was it known that the father had ever charged Kilgore with the amount of it. McClelland, the father, afterwards failed, and the bond was returned to McMurtry, who assigned it to the plaintiff Bonic. No instructions were asked, and the cause was submitted to the court sitting as a jury, and a verdict was rendered for the plaintiff Bonic.

This is a case in which the only errors complained of, are those committed by the court sitting as a jury. No exceptions were taken to the introduction of any evidence, and no instructions were asked, and it is not until a verdict is rendered against him that he ascertains the judge does not apply his law correctly. His knowledge then came too late to avail him. He should have asked the court to declare the law of the case by instructions as soon as the evidence was closed. By omitting to do so, this court cannot see whether the court below erred in applying the law or in finding the issue. If the latter was the cause of complaint, the court would hardly interfere, seeing the superiority of

19

the means  enjoyed by the circuit court for determining the credibility of the witnesses.

Judge McBRIDE concurring, the judgment of the court below will be affirmed—a judgment in full  accordance with that which would have been rendered on the merits.