John M. Richardson, Adm'r, &c., Plaintiff in Error, *v.* Martha L. Harrison, Adm'x, Defendant in Error.

*Administration—Limitations.*—If the administrator give notice of the grant of letters, all claims not presented within three years will be barred, unless the creditor can bring himself within the exceptions of the statute. The presentation of the claim in the manner provided by the statute will save the limitation. Proof that the civil law was suspended, on account of the war, during a portion of the period, will not extend the time for presenting the claim.

*Error to Laclede Circuit Court.*

*J. M. Richardson, Ewing & Muir*, for plaintiff in error.

The answer set up no defence to the action; it made no proper issue as to the statute of limitations. It should have alleged that the cause of action had accrued more than three years before suit brought. (Finney, Adm'r, &c., v. State to use of Estes, 9 Mo. 228.) In the case at bar, the suit is by an administrator against another administrator. When the statute of limitations is relied on, the defendant setting it up must allege and prove everything necessary to make the statute a bar to the claim sued on. Suppose the plaintiff's intestate (Shephard) died before the defendant's intestate, and that letters of administration were not granted on his estate until one year after the death of Harrison, defendant's intestate, then it is clear the action of plaintiff would not be barred; and, for aught that appears in the record, such was the state of facts. In the case supposed, the statute not having commenced running in the lifetime of the plaintiff's intestate, it did not commence running until the grant of administration upon his estate. (Ang. on Lim., § 55 & 56, and authorities there cited.)

The petition is complete, and shows a good cause action of well pleaded. It was not necessary, nor was it incumbent, to allege in the petition anything more (so far as his representative character was concerned) than a grant of administration to him upon the estate. Defendant, if he rely upon the statute, must allege and prove that the cause of action accrued more than three years before suit brought; which he has failed most signally to do. To allege and prove that more than three years had elapsed before this suit was brought is unimportant; it constitutes no bar whatever to the action. Plaintiff's right to recover on his petition is not affected by anything alleged or proved by defendant, and the case stands as though no answer whatever had been put in by the defendant.

*Sherwood & Young*, for defendant in error.

The declaration of law asked by the plaintiff was by the court very properly refused. (Smith, Adm'r of Taylor, v. Newby, 13 Mo. 159; Ang. on Lim., §§ 23, 194, 476, 478, 479, 485, 486, 487, 488; Beckford et al. v. Wade, 17 Vt. Ch. 86; Hall v. Wyburn, 2 Salk. 420; Bac. Ab. 480.)

The 2d section of 4th article, title Administration, p. 152, provides — "All demands not thus exhibited within three years shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, three years after the removal of their disabilities."

The words of this statute are general, and as such must receive a general construction, and there can legally exist no exception outside of those enumerated in the statute itself. The authorities on this point are almost unbroken in their uniformity. (Demarest and wife v. Wynkoop et al., 3 John. Ch. 129, and cases there cited.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action on a promissory note, executed by J. B. Harrison, J. T. Hooker, and Tom. Craig, on the 20th day of February, 1860, for six hundred dollars, payable one day after date to Thomas Stafford. The petition is an ordinary declaration on a promissory note, and sets out that Thomas Stafford had departed this life, and the plaintiff had taken out letters of administration on his estate; and also alleges the death of Harrison, and that the defendant Martha L. Harrison was the executrix of his last will; also the death of Tom. Craig, and that Mary Craig was his executrix. The defendants Hooker and Craig make default, and Martha L. Harrison answers.

The answer denies nothing in the petition, but states that the defendant is the executrix of the last will of John B. Harrison, deceased, and that letters were granted her as such executrix on the —— day of August, 1860, and that she gave the notice of the granting of said letters within thirty days

of the granting of the same, and defendant denies that the plaintiff is entitled to judgment on said note mentioned in his petition, or any part thereof, because more than three years had elapsed since the granting of letters and notice aforesaid when this suit was brought against this defendant. A trial was had upon the issues joined and a verdict for the defendant.

On the trial, the plaintiff read his note in evidence and rested his case ; the defendant then proved that her letters testamentary were dated on the 15th day of August, 1860, and that she made publication of her administration on the first day of September, 1860. The plaintiff proved, in rebuttal, that the civil law was suspended in Laclede county from the first of August, 1861, until the first of April, 1862, a period of eight months. The record shows that his suit was commenced on the 8th day of March, 1864.

The only question in this case is whether this demand was barred by the statute. The statute provides ($ 1, p. 151, R. C. 1855) that all demands against the estate of deceased persons shall be divided into classes as specified in that section, and requires the demands to be presented to the county court for allowance and classification; and § 2 provides that " all demands not thus exhibited within three years shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, three years after the removal of their disabilities"; and § 5 provides that "any person may exhibit his demand against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered as legally exhibited from the time of serving such notice." These are the provisions of the statutes for enabling claimants to present their claims against estates for allowance and payment.

In the present case, the note became due in February, 1860 ; letters were granted upon Harrison's estate on the 13th of the following August, and no efforts were made to

present the note for allowance and payment (as we are informed) until the 8th of March, 1864, more than four years after the note fell due, and three years and a half after the grant of letters; and the only excuse attempted to be set up for this is, that the civil law was suspended in Laclede county for a period of eight months—from August, 1861, to April, 1862—on account of the civil war. The general rule is, that when the statute begins to run it will continue to run; and a party wishing to make an exception to the rule, must show affirmatively such facts as will take his case out of the rule.

Here it is said that the civil law was suspended, and it is contended that the time it was suspended ought to be deducted from the time it had to run. But it does not appear that it was suspended for nearly a year after the statute had commenced running; nor does it appear that the plaintiff's remedy was ever suspended, for he might still have served a notice on the executrix, and that would have had the effect to save the bar. It has been held (*Hall* v. *Wyburn*, 2 Salk. 420), that though the courts of justices should be closed so that no original writ could be filed, yet the statute would bar the action; because the statute is general and must work upon all cases which are not exempted by the exceptions, and the plaintiff here has not shown himself to be among those excepted in the statute. He does complain that the defendant's answer does not set up a good bar to plaintiff's cause of action, and Finney, Adm'r, v. State to use of Estes, (9 Mo. 288,) is relied on in support of that position. That case was an action upon a guardian's bond; the suit was brought against Finney, as administrator of McCalister, upon a bond executed by one Joseph Edmondson as guardian of Edward T. Estes, and McCalister and others as securities. In that case, the plea alleged "that the suit was not brought within the three years after granting of letters of administration," and the court held that it was bad; but said—"We have heretofore intimated that so *literal* a construction of the statute would not conform to the general principles of justice, and that cases like the pres-

ent one are *not* within the rule." In that case, the breaches assigned in the petition took place more than three years after the granting of letters, and, as a matter of course, the action could not be commenced within three years from the date of the letters. That case was an exception to the rule, and the court so stated, because the declaration showed that the cause of action accrued long after the granting of letters; but in the case at bar the petition shows that the cause of action accrued nearly six months before the date of the letters, and no excuse is given for not commencing the suit, or at least presenting the claim to the executrix.

The statute contemplates that estates will be fully administered in three years, and in order to do this it is necessary that claims should be allowed and paid before that time; and if claims are held up, the claimant ought to show that he comes within the exceptions mentioned in the statute, otherwise his claim will be barred.

Judgment affirmed; the other judges concurring.