MARTHA McKINZIE, Admx. of ALEX. McKINZIE, deceased, Appellant, *vs.* H. L. W. HILL, Admr. of WM. W. GAY, deceased, Respondent.

1. *Administration—Letters of—Statute of limitations—Note—General limitation Law.*—The statute of limitations commences running in favor of the estate of a deceased person only from the grant of letters. And a claim against the estate may, under the administration law be proved up within two years thereafter. But where the claim would otherwise be barred by the general limitation law, this period of two years cannot be grafted upon the statute as an extension of time. Thus, where in case of a promissory note, the grant of letters was less than ten years from its date, and the demand was exhibited, less than two years afterward, but more than ten years from the date of the paper, the demand will be barred.

2. *Limitations, statute of—Promissory notes—Rebellion, etc.*—In case of a promissory note made in Lawrence County, Missouri, in 1858, the running of the statute will not be stopped during the time in which the courts of the county were closed in consequence of the rebellion.

### *Appeal from Lawrence Probate Court.*

*Nathan Bray,* for Appellant.

I. If ten years had not elapsed between the maturity of the note and the death of the maker, or grant of the letters of administration, then it was not barred by the ten years statute, for as soon as Gay died, the statute ceased to run until an administration was had on his estate. The plaintiff certainly had the right to prove facts which would take the case out of the statute. (Polk, Admr., vs Allen, 19 Mo., 467 ; 18 Mo., 220 ; 29 Mo., 292 ; Hanger vs. Abbott, 6 Wall., U. S., 532 ; also Protector, 9 Wall., 687 ; Levi vs. Stewart, 11 Wall., 244 ; Stewart vs. Kahn, *Id.*, 493, 3 ; United States vs. Wiley, *Id.*, 508 ; Braun vs. Sauerwein, 10, Wall, 218 ; 3 Cranch 454 ; Ang. on Lim., ch. 8, p. 45 ; Richards vs. Maryland Ins. Co., 8 Cr., 84 ; 12 Wheat., 129 ; Ang. Lim., p. 49, §§ 62, 63 ; 11 Wall., 513.)

II. The appellant claims that she had the right to prove that the courts of the country were closed by the civil war, by showing a state of facts, which would prevent the statute of limitations from running. (See cases already cited in Wallace Reports.)

But appellant also claims under the testimony in this case, the judgment should have been for the plaintiff.

The record shows that the note was due Jan. 1st, 1859, and that notice of the presentation of the demand was served on the Administrator on the 14th day of July, 1868, less than ten years from the maturity of the note.

*H. Brumback*, for Respondent.

I. The two years statute does not have the effect of superseding or extending the ten years statute.

II. The court properly excluded testimony to show that Lawrence County was within the rebel lines for six months in 1861 and 1862, and also that no Circuit Court was held in said county from Feb. 1861 to May 1862. (Bank of State of Alabama vs. Dalton, 9 How., 522 ; Ang. on Lim., 488 ; Richardson, Admr., vs. Harrison, Admx., 36 Mo., 96.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted in the Probate Court of Lawrence County, to obtain the allowance of a demand against the estate of the defendant's intestate. The defense was the statute of limitations. The demand consisted of a promissory note for two hundred dollars, dated December 31, 1858, and due one day after the date thereof. The record shows that notice was given to the administrator on the 14th day of July, 1868, that the note would be presented for allowance at the next October term of the Probate Court. But at that term the plaintiff did not appear, no presentation was made, and no steps were taken in the matter. A new notice was then given, that the demand would be presented for allowance at the April term, 1869, which was served on the 2d day of April in the same year, at which term the cause was submitted to the court and judgment was rendered for the defendant. On appeal to the Circuit Court, the plaintiff offered to introduce evidence to prove that the notices were served, and that the action was commenced within two years after the granting of letters of administration on the estate of the defendant's intestate; and then offered evidence to show that Law-

rence County was in the rebel lines for six months in 1861,–62, and that on account of the rebellion, no Circuit Court was held in that county from February 1861, till May 1862, which evidence the court excluded and the plaintiff excepted.

Plaintiff then asked for declarations of law founded on the excluded testimony which the court refused to give, and then found for the defendant—thus affirming the judgment of the Probate Court.

A motion for a new trial was duly filed, the reasons assigned being that the court erred in refusing the declarations of law, and that it also committed error in excluding competent testimony.

There was no error in refusing to give the instructions, for after the evidence was ruled out, there was nothing on which to base them.

The only question then before us is, whether the evidence which the court rejected was proper to be admitted in the cause.

At what time the letters of administration were granted to the defendant on the estate of the maker of the note is not shown. The doctrine established by this court is, that the statute of limitations does not run in favor of an estate during the time there is no administration; that it only commences running from the grant of letters. (Polk vs. Allen, 19 Mo., 467; McDonald vs. Walton, 2 Mo., 43.)

But, here the offer was to prove that the claim was exhibited within two years after the granting of letters. That is the time allowed by the statute for proving up claims against an estate, but if the demand is barred by the general provisions of the statute before it is presented, it was never intended to graft this on the statute as an extension of time.

The first notice must be wholly disregarded, as no attempt was made to proceed under it, and the second notice was not given till after ten years had gone by, and the statute therefore is a complete protection, unless we exclude the time in which it is alleged the Circuit Court was suspended in consequence of the rebellion.

Richardson, administrator, vs. Harrison, administratrix (36 Mo., 96), was a case similar to this, and we there held, that proof that the civil law was suspended on account of the war, during a portion of the period, would not extend the time for presenting the claim. The court there remarked that it did not appear that the civil law was suspended for nearly a year after the statute had commenced running; nor did it appear that the plaintiff's remedy was ever suspended, for he might still have served a notice on the executrix, and that would have had the effect of saving the bar.

But it is contended that the Supreme Court, of the United States, has laid down a different doctrine. The case in which the question first arises is Hanger vs. Abbott (6 Wall., 532.)

In that case Abbott, a citzen of New Hamsphire, sued Hanger, of Arkansas, in assumpsit. The latter pleaded the statute of limitations of Arkansas, which limits such actions to three years. The former replied, setting up the fact of the rebellion, which broke out after the cause of action accrued and closed for more than three years all lawful courts. On these facts the court decided that the time during which the courts in the lately rebellious States, were closed to citizens of the loyal States, is, in suits brought by them since, to be excluded from the computation of the time fixed by statutes of limitation within which suits may be brought.

Mr. Justice Clifford, as the organ of the court, delivered an elaborate opinion and placed the judgment entirely on the ground that, during the pendency of war, there is a total non-intercourse between the belligerents. That, when hostilities are commenced, all trading, negotiation and communication, between the citizens of one of the countries with those of the other, without permission of the governments, is unlawful.

That a citizen of one of the hostile nations would not be allowed to enforce his contracts in the courts within the territorial limits of the other.

Proclamation of blockade was made by the President on the nineteenth day of April, 1861, and on the thirteenth day of July, in the same year, Congress passed a law authorizing the

President to interdict all trade and intercourse between the inhabitants of the States in insurrection, and the rest of the United States. Under these circumstances the plaintiff was effectually precluded from bringing suit to assert his rights in the forum where the defendant resided. After the termination of the war, and the restoration of peace, the plaintiff had a tribunal in which to commence his action, but if the statute was to run during the time in which he was disabled, it would be a barren right. The court on this point says:·

"But the exception set up in this case stands upon ·much more solid reasons, as the right to sue was suspended by the acts of the goverment, for which all the citizens are responsible. Unless the rule be so, then the citizens of a State may pay their debts by entering into an insurrection or rebellion against the government of the Union, if they are able to close their courts, and to successfully resist the laws until the bar of the statute is complete, which cannot for a moment be admitted. Peace restores the right and the remedy, and as that cannot be if the limitation continues to run during the period the creditor is rendered incapable to sue, it necessarily follows that the operation of the statute is also suspended during the same period."

This doctrine is approved and followed in subsequent cases. (The Protector, 9 Wall., 687; Levi vs. Steward, 11 Wall., 240; Stewart vs. Kahn, *Id.*, 493; U. S. vs. Wiley, *Id.*, 508.)

But the principles above announced have no application to the present case. Missouri was not one of the States that joined in the rebellion, and her courts were open. The plaintiff labored under no disability, and his demand accrued and the statute had commenced running before the alleged temporary suspension of the holding of the Circuit Court. Both parties were residents of the same county and within the same jurisdiction.

It was not necessary that the court should be held to enable him to pursue his remedy and avoid the bar of the statute. He might have filed his suit with the clerk of the court, and had summons issued and served, and that would have

been sufficient.   There is no pretense that this course was not open to him.

In my opinion, the evidence was properly excluded, and the judgment should be affirmed.

All the Judges concurring.