Hoester v. Sammelmann.

HOESTER, *Plaintiff in Error*, v. SAMMELMANN *et al.*

1. Statute of Limitations: SUIT TO REFORM DEED. An action to reform a deed by inserting additional land therein, claimed to have been agreed to be included but not charged to have been omitted by fraud, falls within the third clause of Revised Statutes, 1879, section 3229, barring " actions for relief not herein otherwise provided for," unless brought within ten years.

2. ———— : LEGAL AND EQUITABLE ACTIONS. The statute of limitations applies equally to legal and equitable actions except where otherwise specially provided.

3. ———— : EXCEPTIONS, COURTS CANNOT MAKE. The courts cannot engraft on the statute of limitations exceptions not contained in the statute itself.

4. ———— : LIFE-ESTATE. The existence of a life-estate *held* not to suspend the running of the statute of limitations where it was no obstacle to the bringing of the suit.

5. Pleading Fraud. It is not sufficient in a pleading to charge fraud generally ; the facts constituting it must be stated.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Martin & Avery* for plaintiff in error.

( 1 ) This is purely an equitable proceeding ; every feature and statement in the bill appeals to the conscience of the chancellor. In such a case it is always a question of laches, and not a question of limitations. *Kline v. Vogle*, 90 Mo. 240. The delay that will defeat a recovery in equity depends upon the peculiar circumstances of each case; and is not defined by any statute of limitations. *Smith v. Washington*, 11 Mo. App. 525 ; *Kelly v. Hurt*, 74 Mo. 567 ; Wood on Limitations, sec. 59, p. 116 ; 1 Story Equity, sec. 64a. ( 2 ) The statute does not apply in any case until there is an adverse

claim. *Carter v. Peland*, 17 Mo. 383; *Nave v. Smith*, 95 Mo. 596–603; *Butler v. Lawson*, 72 Mo. 227–249; *Bush v. Stanley*, 13 N. E. Rep. (Ill.) 249–255. (3) Nor where the cause of this delay was occasioned by consent and acts of defendants, and where defendants have suffered no damage. *Leard v. Smith*, 44 N. Y. 618. (4) Nor until the mistake has been discovered, or by reasonable caution it might have been discovered. *Manat v. Starr*, 34 N. W. Rep. (Iowa) 784; *Grosback v. Brown*, 40 N. W. Rep. (Wis.) 494; *Duff v. Duff*, 12 Pac. Rep. (Cal.) 570; *Grundy v. Grundy*, 12 B. Monroe, 267; Bump on Fraudulent Conveyances [3 Ed.] 564. (5) The defendants are estopped from saying that there was no mistake in the deed of Bernard Sammelmann. 3 Washburn Real Property [3 Ed.] 68, 69; 6 Wait's Actions and Defenses, 681; *Choteau v. Gadden*, 39 Mo. 229; *Bruce v. Beck*, 46 Mo. 327; *Rice v. Bunce*, 49 Mo. 231; *Austin v. Loring*, 63 Mo. 16; *St. Louis v. Gaslight Co.*, 70 Mo. 69; *Nave v. Smith*, 95 Mo. 596; *Wilcoxen v. Osborn*, 77 Mo. 621; *Perry v. Hall*, 75 Mo. 503. (6) There was no adverse possession until defendants Julius and Daniel Sammelmann obtained the quitclaim deed from Bernard Sammelmann in 1883, and in such a case the plea of the statute of limitations is not available. *Martin v. Halley*, 61 Mo. 196; *Mitchell v. Tinsley*, 69 Mo. 440; *Martin v. Nixon*, 92 Mo. 26. (7) The exception to the statute of limitations made by section 3244, Revised Statutes, is applicable to the facts in this case. *Wells v. Hopkins*, 59 Mo. 93; *Foley v. Jones*, 52 Mo. 64. (8) This exception of the statute applies to mistakes as well as to actual and intended concealment. *Grundy v. Grundy*, 12 B. Monroe, 267.

*Theodore Bruére* for defendants in error.

(1) The statutes of limitation apply to all civil actions, whether they are actions at law or suits in equity. R. S., sec. 3229; *Rogers v. Brown*, 61 Mo. 187; *Bush v. White*, 85 Mo. 359, 360; *Hunter v. Hunter*,

50 Mo. 445 ; *Adair v. Adair*, 78 Mo. 635 ; *Johnson v. Johnson*, 81 Mo. 335. (2) The facts alleged in plaintiff's bill show that he has been guilty of laches and negligence in prosecuting this action, and is, therefore, not entitled to relief. *Rogers v. Brown*, 61 Mo. 192 ; *Wells v. Perry*, 62 Mo. 573 ; *Bliss v. Pritchard*, 67 Mo. 171 ; *Bradshaw v. Yates*, 67 Mo. 221 ; *Kelley v. Hurt*, 74 Mo. 561 ; *Mathias v. O'Neil*, 94 Mo. 520. (3) The exception to the statutes of limitations made by section 3244, Revised Statutes, is not applicable to the facts set out in plaintiff's petition. *Rogers v. Brown*, 61 Mo. 188 ; *Wells v. Halpin*, 59 Mo. 92 ; *Foley v. Jones*, 52 Mo. 67 ; *Moore v. Mining Co.*, 80 Mo. 86. (4) The petition does not allege any equity, nor facts sufficient to constitute a cause of action.

SHERWOOD, J.—This proceeding was instituted in February, 1887. Prior proceedings in ejectment and equity had been instituted in 1884 and 1885, but afterwards dismissed.

The following will suffice as a summary of the petition herein : In his petition plaintiff asks the court to insert in a deed of trust executed by Bernard Sammelmann to Albert Deemar in favor of one Peter Hoffman, December 25, 1866, "another tract of land," belonging to said Bernard Sammelmann and inherited from his father, William Sammelmann, subject to a life-estate of his mother ; and it is stated that the life-tenant lived on the premises and in the possession thereof, until her death in the year 1881. No fraud is alleged, but the petition says that at the time of the making of said deed of trust it was understood and agreed by and between said Bernard Sammelmann and the said Peter Hoffman that the same was to and did cover and include all the right, title and interest of said Bernard Sammelmann, as heir of the said William Sammelmann and as assignee of his brother, in and to all the real estate of said William Sammelmann, deceased.

In 1868 Peter Hoffman assigned said deed of trust and note to plaintiff. No fraud is alleged in the transaction ; the petition expressly states that at the time of the assignment and transfer of said note and deed of trust to plaintiff the said Peter Hoffman believed and so represented to plaintiff that the said deed of trust securing said note did cover and include all the interest of said Bernard Sammelmann, being one-third of all the lands of the said William Sammelmann, and that such representation was then and there agreed and assented to by the said Bernard Sammelmann, etc. In 1874, plaintiff caused Albert Deemar, trustee, to sell under the deed of trust, and plaintiff became the purchaser and received a trustee's deed therefor.

Plaintiff then alleges that from the time he purchased said deed of trust and note in 1868 until 1883 he was ignorant of the fact that the whole of the land of Bernard Sammelmann was not included in said deed of trust, and then for the first time the bill tries to connect defendants Julius and Daniel Sammelmann with that mistake in the following language : " Plaintiff further states that by the acts and doings of the above-named defendants, Julius, Daniel and Bernard Sammelmann, from the time of the purchase of said note and deed of trust ( 1868 ) up to the year 1883, he was prevented from making any investigations as to the correctness of the description of the lands conveyed therein, and was, up to the year 1883, by the acts and representations of said Julius, Daniel and Bernard Sammelmann, kept in ignorance of the fact that said deed of trust did not correctly describe the lands intended to be conveyed therein as aforesaid." Then the petition relates that the defendants Julius and Daniel Sammelmann wanted to buy the land ,and, recognizing plaintiff as the owner thereof, agreed with him in the beginning of 1883 upon the price of one thousand dollars for said one-third interest in said lands, but when they went to an attorney to prepare the deed, the same informed them that the

Hoester v. Sammelmann.

lands intended to be conveyed were not correctly described in plaintiff's deed, whereupon Julius and Daniel Sammelmann refused to consummate the agreement of sale. That afterwards on March 5, 1883, Julius and Daniel Sammelmann, intending to cheat and defraud plaintiff, procured a deed from Bernard Sammelmann for his interest in the tract of land left out in the deed of trust of 1866, etc., wherefore plaintiff prays:

*First.* That the trustee sale of 1874 be set aside and the trustee, Albert Deemar, be reinvested with all his legal rights.

*Second.* That the tract of land ( claimed to be ) left out be inserted in the deed of trust executed by Bernard Sammelman to Peter Hoffman in 1866.

*Third.* To declare null and void the deed from Bernard Sammelmann to Julius and Daniel Sammelmann, executed in 1883.

*Fourth.* To declare plaintiff entitled to one-third of all the lands as security for said note of 1866 (on which nothing has ever been paid).

*Fifth.* To foreclose the deed of trust when so corrected and to order the sale of one-third interest in all of said lands.

To this petition the defendants demurred, on the grounds that the petition on its face showed that the plaintiff's cause of action was barred by the statute, and that the petition stated no grounds for equitable relief, and stated no facts sufficient to constitute a cause of action.

Upon the hearing of the demurrer, the trial court held the petition insufficient and dismissed the same, entering a formal judgment of dismissal, and plaintiff appeals.

I. It is quite clear that the statute of limitations had barred plaintiff's cause of action, if he had one prior to suit brought. The case at bar falls within the provisions of the last clause of section 3229, Revised

Statutes, 1879, to-wit: "Actions for relief, not herein otherwise provided for."

The authorities cited by counsel for defendants show that, under repeated rulings of this court, the same statute which b ars actions at law bars also proceedings in equity, saving those which the statute expressly excepts. And courts cannot extend those exceptions so as to embrace cases not within the specific exceptions enumerated in the statute itself. *Richardson, Adm'r, v. Harrison, Adm'x*, 36 Mo. 96.

II.　And the fact, that the defendants took the land subject to the life-estate of their mother therein, did not have the effect to eke out or expand the statute so as to prevent its being a bar within the time limited by that statute ; because pending the life-estate, the opportunity existed, without any impediment whatever, of bringing suit.

III.　The ruling of the lower court was correct on the further ground that the petition did not state facts, etc.　There is no equity stated.　General allegations of fraud, or other general allegations, no facts being stated, are but legal conclusions, and for that reason insufficient.　Bliss Code Plead. [ 2 Ed.] sec. 211.　To say that a man *acted* fraudulently or improperly without specifying *what he did* is equivalent to making the *pleader* the sole judge of the sufficiency of his pleadings, and substituting his judgment for that of the court.　If the *facts* are stated, the legal conclusion follows as night follows day, and so no statement of what conclusion the *law* draws is necessary.

We affirm the judgment.　All concur.