WILLIAM H. LILE, Appellant, v. JAMES KINCAID
et al., Respondents.

**Kansas City Court of Appeals, December 4, 1911.**

1. **EQUITY: Judgment: Probate Courts.** Where an erroneous
   judgment is entered by mistake of a probate court in the final
   settlement of an estate, a court of equity cannot afford relief,
   if the action in equity is barred by the Statute of Limitations
   (Section 1888, Revised Statutes 1909).

2. **PROBATE COURTS: Judgment Final.** A judgment of a
   probate court finally settling and distributing an estate and
   discharging the executor, is a final judgment, which, after the
   expiration of the term at which it is entered, cannot be set
   aside by that court.

3. **PRACTICE, TRIAL: Demurrer: Motion to Strike Out.** Where
   it is sought to attack the sufficiency of a petition, the better
   practice is to do so by demurrer, but where proper results
   are obtained by a motion to strike out, the appellate court will
   not disturb the judgment.

Appeal from Ray Circuit Court.—*Hon. Francis H.
Trimble,* Judge.

AFFIRMED.

*M. G. Roberts* and *Lovelock & Kirkpatrick* for
appellant.

*F. P. Divelbiss* and *J. L. Farris* for respondents.

BROADDUS, P. J.—The facts set forth in the
second amended petition are in short about as follows:
That Thomas B. Kincaid, of Ray county, died in No-
vember, 1891, leaving a widow and minor children sur-
viving him. He owned certain real estate at the time
of his death, a part of which he occupied as a home-
stead. M. C. Hill was appointed his administrator
and duly qualified and acted as such. There being but

little personal property it was turned over to his widow. Certain claims were proved up against his estate, among which was that of plaintiff. The real estate that was not a part of the homestead was sold by the administrator to pay debts. The proceeds of the sale were not sufficient to pay the claims so proved, consequently, a part of them remained unpaid, among which was that of plaintiff. The widow and children resided upon the homestead until the death of the widow and the majority of the youngest child in 1909.

It is alleged that the probate judge, the administrator and creditors being doubtful of the authority of the administrator to subject the homestead to the payment of debts and to convey title, it was deemed advisable by the administrator and the probate court and to the best interest of the minor children to defer the sale of the homestead until the youngest attained legal majority, and thereupon it was determined that said administration should be suspended and a sale of the homestead be postponed until the youngest of the children should reach majority; that the administrator gave due notice that he would make settlement of the estate at the January term of the court for 1894; that he did file his settlement which was duly approved and made an order entered of record upon petition filed finally discharging the administrator from his trust, but by inadvertence further ordered and adjudged, viz.: "That all the allowed claims have been paid in full, and that the balance on final settlement has been distributed in conformity to, the order of this court, and it further appearing that said administrator has fully accounted for all assets that have come into his hands belonging to said estate since his appointment, and that said estate has been fully administered, it is therefore ordered and adjudged that said administrator and his bondsmen be and the same are hereby discharged;" that afterwards the said administrator died; that afterwards on the 10th day of April, 1909,

on petition of plaintiff setting forth that the said judgment of January, 1894, was entered inadvertently, etc., the court made an entry of record setting it aside and appointed James H. Kincaid administrator *de bonis non* who duly qualified and petitioned the court to sell said homestead; that the court duly made an order directing him to sell said homestead to pay unpaid claims; that he did make sale of the same and reported his action to the court; that thereafter, on the 24th of January, 1910, the court at the instigation of the defendants revoked the appointment of said Kincaid as administrator on the ground that administration had been closed by said judgment of January 8, 1894.

The petition alleges that all the minors are now of age and that the homestead rights in said land have been determined, and that the order of the probate court made on April 25, 1910, setting aside the order appointing said Kincaid administrator *de bonis non* was without authority and void in law; and that plaintiff did not know that said illegal judgment of January 8, 1894, had been rendered until shortly before the appointment of said Kincaid as administrator aforesaid. The relief asked is that the judgment of the probate court rendered on the 8th of January, 1894, and that of April 25, 1910, be cancelled; and that the administration of the decedent's estate be declared open, and for all such further relief as may be right and proper. The defendants moved to strike out paragraphs, 10, 11, 12, 13 and 14 of the second amended petition, which was sustained by the court. Afterwards, defendants filed a demurrer to the petition as it then stood which the court also sustained. Plaintiff refusing to further plead judgment was rendered against him from which he appealed.

Many grounds were set forth in said motion to strike out said paragraphs and also in the demurrer. Those most vital we will discuss, but first, however, we will consider plaintiff's view of the case. He in-

sists that the first entry of record January 8th, 1894, was not a final judgment or intended as such, as all the debts had not been paid and all the assets disposed of, but only that the suspension of the administration until the termination of the homestead rights which was designed wholly for the benefit of the heirs was contemplated. It appears that notice was given by the administrator that he intended to make a settlement of the estate; that his accounts were found correct and entry made as follows: "Said settlement·is taken up and having been seen, heard and fully understood by the court, it is ordered and adjudged that the same be approved and entered of record, and that the court doth also find that there is no balance," etc., then on the same day and on the same page is the further entry, "that the allowed claims have been paid in full, and that the balance on final settlement has been distributed in conformity to the order of court, and it further appearing that said administrator has fully accounted for all the assets that have come into his hands belonging to said estate since his appointment, and that said estate has been fully administered, it is therefore considered, ordered and adjudged that said administrator and his bondsmen be and the same are hereby discharged." It is this second entry of record discharging the administrator, etc., which the plaintiff characterizes as having been inadvertently made. We do not understand that there is any contention that it was not a proper order and one the court was authorized to make if the circumstances had justified it, or if it had been made intentionally although erroneously.

Plaintiff in his argument says: "We insist that as the creditors were not culpable, nor the heirs misled, prejudiced or injured by the delay, although there had been no actual fraud committed, yet, a court of equity could, in furtherance of justice, afford adequate relief, any time during the life of their judgment, by removing or defining and declaring the effect of any

obstacle placed in the way by mistake or accident, whether the real or imaginary obstruction be in the form of the approval of an administrator's final set-tlement, or any other form of judgment." In support of this proposition the appellant has cited us to many decisions of the courts and to elementary authorities. All these authorities uniformly are to the effect, that a court of eequity will correct a mistake in the entry of a judgment. The law is stated that: "The power to relieve against fraud or mistake is an ancient and well established branch of equity jurisdiction." And, "A final settlement in a probate court can be set aside by a court of equity . . . in the exercise of equity powers, only on the ground of fraud or mistake. [11 Am. and Eng. Ency. Law (2 Ed.), 1315.] In a Cali-fornia case it was held that the statute did not begin to run until after a discovery by plaintiff of the mis-take of the judgment. The case was thus: "Testator declared that, if his estate was worth more than $250,000, the wife of his son and the husbands of his two daughters should receive $10,000. The estate was worth more than the sum specified, and upon the read-ing of the will the word 'ten' was by mistake read as 'two' for which it might easily be taken. Testator's three children were appointed his personal representa-tives, and had copies of the will made for each legatee, in which the mistake continued. The subsequent pro-ceedings in the estate were conducted by the use of the copies, and plaintiff, the wife of the son, was in-duced by the personal representatives to execute a receipt in full of her legacy on the payment of $2000 to her, and such personal representatives thereafter obtained a decree of distribution, at which plaintiff did not appear and was not represented, which fixed her interest in the estate as $2000. Held that, as there had never been any real contest with reference to the amount of plaintiff's legacy, the mistake was not one of the court by which the decree of distribution

was entered, but of the parties interested in the estate and that it was therefore properly vacated." And it was held that the Statute of Limitations did not run against the plaintiff until the mistake was discovered. [Bacon v. Bacon, 89 Pac. 317.] The decision in this case does not reach the question before us where the mistake is not that merely of the parties but of the court itself in entering an erroneous judgment—a mistake of law. It is said: "As a general rule, in the absence of statutory limitations there is no fixed time within which a proceeding in equity must be instituted to open or set aside a final settlement, but the relief may be granted at any time, so long as the complainant has not been guilty of such delay as to charge him with laches, and each case must be determined on its own facts and circumstances. In some jurisdictions, the time is expressly limited by statute." [11 Am. and Eng. Ency. of Law (2 Ed.), 1319.] We have no statute expressly limiting a time in which an action like this must be brought, and if it is barred it must be by force of the provision in section 1888, Revised Statutes 1909, that certain actions shall be brought in ten years after the cause of action shall accrue and wherein it is provided generally "actions for relief not herein otherwise provided." It is this general provision that respondents contend limits the time in which plaintiff's action should have begun. It is held that: "The Statute of Limitations now in force is applicable to all civil actions, whether they are such as have been heretofore denominated suits in equity or actions at law." [Rogers v. Brown, 61 Mo. 187.] There such actions were expressly barred in five years. In Washington Savings Bank v. Butchers & Drovers' Bank 107 Mo. 133, the holding was similar upon an express statute barring the right of action. But in Hoester v. Sammelmann, 101 Mo. 619, it is held: "An action to reform a deed by inserting additional land therein, claimed to have been agreed to be included

but not charged to have been omitted by fraud, falls within the third clause of Revised Statutes 1879, section 3229, barring 'actions for relief not herein provided for,' unless brought within ten years.'' The court said: ''The authorities cited by counsel for defendants show that, under repeated rulings of this court, the same statute which bars actions at law bars also proceedings in equity, saving those which the statute expressly excepts. And courts cannot extend those exceptions so as to embrace cases not within the specific exceptions enumerated in the statute itself.'' Citing Richardsons, Adm'r, v. Harrison, Adm'r, 36 Mo. 96. In the latter case plaintiff sought to avoid the bar of the statute limiting the time within which claims shall be presented to the probate court for allowance, on the ground that the civil law was suspended on account of the war, which the court held did not have the effect of preventing the running of the statute. ''The Statute of Limitations bars equitable as well as legal actions in this state,'' etc. [Loomis v. Mo. Pac. Ry. Co., 165 Mo. 469.]

The appellant has exercised great industry and ingenuity to support his contention but as the decisions of the courts of this state are conclusive of the question, we cannot look to the precedents of other states, consequently the rule announced in Am. and Eng. Ency. Law, supra, is not applicable. And the California case also has no application as it relates to a mistake of the parties to the judgment and not a mistake of the court. And so it is in this case the erroneous judgment was a mistake of the court as to both the law and the facts.

The judgment of the probate court rendered January 8, 1894, was a final judgment. The judgment of April 10, 1. 09, which the plaintiff seeks to uphold revoking the original judgment made at a subsequent term was unauthorized and void, and the subsequent judgment revoking it was a nullity for the same rea-

son. Both were nullities and had no more force and effect than if they had never been rendered. "A judgment of a probate court finally settling and distributing an estate and discharging an executor is a final judgment, which, after the eexpiration of the term at which it is entered, cannot be set aside by that court at all." [Smith v. Hauger, 150 Mo. l. c. 444 and cases cited.]

The motion to strike out and demurrer were properly sustained. The better pleading would have been to have demurred to the whole pleading, but as a proper result was reached we will affirm the judgment. Affirmed. All concur.