**Marshall W. WILKINSON, Plaintiff,**

and

**Mary Wilkinson, Plaintiff-Appellant,**

v.

**BENNETT CONSTRUCTION COMPANY, Inc., a Corporation, and the Scottish Rite Temple, Inc., a Corporation, Respondents.**

No. 25108.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Motion for Rehearing and/or Transfer to the Supreme Court Denied June 2, 1969.

Dubiner & Gregg, Kansas City, John C. Milholland, Harrisonville, for Mary Wilkinson.

Samuel J. Molby, Thomas E. Allen, Kansas City, for Bennett Const. Co., Inc.

Watson, Ess, Marshall & Enggas, Wm. H. Sanders, Dean F. Arnold, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for Scottish Rite Temple, Inc.

JAMES W. BROADDUS, Special Commissioner.

Appellant, Mary Wilkinson, alleged in her petition that her husband was negligently injured by respondents Bennett

Construction Company, Inc., and The Scottish Rite Temple, Inc., on February 20, 1958, and as a result she had been deprived of his care, comfort, services and consortium, all to her damage in the sum of $10,000. Appellant's husband, Marshall W. Wilkinson, commenced an action for damages for personal injuries against respondents within the applicable five-year period of limitations. Thereafter, his action, which is still pending in the trial court, was non-suited without prejudice and refiled within one year thereafter, on December 11, 1967. On February 2, 1968, ten years after the alleged negligent conduct, appellant commenced this action for loss of her husband's services. Upon motions of respondents the trial court imposed the bar of limitations and dismissed appellant's action.

Appellant's contention is that: "The trial court erred in sustaining Respondent's motion allegations that appellant's claim for loss of her husband's services as a result of tortious injury to him on February 20, 1958, was barred by the five-year statute of limitations at the time appellant filed suit on February 2, 1968, and in dismissing appellant's claim, because from the date of her husband's injury causing damage to appellant, the courts of Missouri were closed to the assertion and prosecution of appellant's claim by court fiat and process of law until said disability was removed on March 11, 1963; appellant filed her claim within five years after the removal of the disability, and is not barred by limitations."

Appellant first quotes from Sect. 1.010 V.A.M.S. which states that the common law of England and all statutes and acts of Parliament made prior to the fourth year of the reign of James the First, of a general nature, which are not local to that Kingdom and not repugnant to or inconsistent with the Constitution of the United States, the Constitution of this state, or the statute laws in force for the time being, are the rule of action and decision in this state.

Her brief then states that: "Limitations were recognized at common law and exceptions to limitations were also recognized. Missouri has its general statutes of limitation, including Sect. 516.120, V.A.M.S., designating five years as the period of limitations prescribed for actions of the nature of that asserted by appellant, and Sections 516.170, 516.200, 516.210, 516.230, 516.260 and 516.280, V.A.M.S., which set out affirmative exceptions to the running of limitations.

"It is the contention of this appellant that nothing in the statutes is repugnant to or supercedes the exceptions which are a part of the common law and appellant relies on the tolling of the statute of limitations effected when the law, by no fault of the claimant imposed on her a period of disability to prosecute her lawful claim.

"On March 11, 1963, the case of Novak v. Kansas City Transit, Inc., Mo.Sup., 365 S.W.2d 539, overruled prior decisions, including the prior controlling decision of Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A.L.R. 1320, which had held that a married woman could not recover for tortious invasion of her right of enjoyment of her husband's services arising from personal injury of her husband.

"According to this case, the right of action accrued to this appellant on February 20, 1958, when her husband was injured, to her damage as well as his. She had the right of action, but through no fault of hers, until March 11, 1963, she lacked the ability to prosecute it. The law of the state had denied her access to the courts. Under the applicable common law, the closure of the courts to her tolled the period of limitations."

Appellant thus conceding that she is unable to bring her case within any statutory disability or exception to the statute of limitations relies upon a theory purportedly from the common law, which she has designated "a judicially imposed disability." According to appellant's argument, the Supreme Court opinion in Bernhardt v.

Perry, misstated the law in this jurisdiction and "closed the courts" to a wife's action for loss of her husband's services; this error was corrected in Novak v. Kansas City Transit, Inc., and thereby "opened" the courts and authorized prosecution of appellant's action. Appellant then theorizes that the statute of limitations was suspended during the period that the courts were "closed" to her action and cites one decision, Hanger v. Abbott, 6 Wall. 532, 73 U.S. 532, 18 L.Ed. 939 (1867), in support of that theory. Plaintiff Abbott was a New Hampshire resident; defendant Hanger was an Arkansas resident who raised the bar of limitations to plaintiff's action in assumpsit. Plaintiff replied that his country (the Union) was at war with defendant's country (the Confederacy) and he was precluded by federal law from prosecuting his action during the hostilities. The United States Supreme Court ruled that the statute of limitations was suspended in actions between parties of separate nations during a duly declared state of war.

Appellant would borrow this theory to avoid the bar of limitations. Appellant's argument is unusual, but not original; it was first rejected by the Missouri Supreme Court over 100 years ago. In Richardson v. Harrison, 36 Mo. 96 (1865), plaintiff filed suit after the applicable three-year period of limitations had expired and defendant pleaded the bar of limitations. The court determined that:

"The only question in this case is whether this demand was barred by the statute." (l.c. 99)

That plaintiff, like the present appellant, contended that the statute of limitations was suspended during the period the courts were closed. The court said:

" * * * the only excuse attempted to be set up for this is, that the civil law was suspended in Laclede county for a period of eight months—from August, 1861, to April, 1862—on account of the Civil war. The general rule is,

that when the statute begins to run it will continue to run; and a party wishing to make an exception to the rule must show affirmatively such facts as will take his case out of the rule.

"Here it is said that the civil law was suspended, and it is contended that the time it was suspended ought to be deducted from the time it had to run. * * * It has been held (citation omitted) that though the courts of justice should be closed so that no original writ could be filed, yet the statute would bar the action; because the statute is general and must work upon all cases which are not exempted by the exceptions, and plaintiff here has not shown himself to be among those exempted in the statute." (l.c. 101)

Eight years later another plaintiff unsuccessfully attempted to avoid the bar of limitations by offering evidence that the courts were closed for six months during the Civil war. The Missouri Supreme Court rejected the argument that under Hanger v. Abbott, *supra,* the statute of limitations was suspended. The Supreme Court held that the trial court properly excluded plaintiff's evidence and reaffirmed Richardson v. Harrison, *supra.* See McKinzie v. Hill, 51 Mo. 303, 306 (1873) as follows:

"Richardson v. Harrison was a case similar to this, and we there held that proof that the civil law was suspended on account of the war, during a portion of the period, would not extend the time for presenting the claim."

◼ Appellant's cause of action accrued on February 20, 1958, at the time her husband allegedly sustained injury and, unless suspended, the statute of limitations began to run on that date and barred appellant's remedy after February 20, 1963. The statute of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the Legislature and the courts are not empowered to extend those exceptions. As stated in

Hoester v. Sammelmann, 101 Mo. 619, 14 S.W. 728:

"The authorities cited by counsel for defendants show that under repeated rulings of this court, the same statute which bars actions at law bars also proceedings in equity, saving those which the statute expressly excepts, and *courts cannot extend those exceptions so as to embrace cases not within the specific exceptions enumerated* in the statute itself." (Emphasis added)

Additional cases in which the Missouri courts have consistently required strict compliance with the specific statutory exceptions to limitations are Emanuel v. Richards, 426 S.W.2d 716, Mo.App.; National Credit Association, Inc. v. Tinker, 401 S.W.2d 954, Mo.App.; Hunter v. Hunter, 237 S.W.2d 100 (Mo.).

Appellant, in effect concedes that her claim does not fall within any of the specific exceptions set forth in our statutes.

It must be emphasized that appellant's claim was barred by limitations after February 20, 1963, one month before the *Novak* decision was rendered. In essence, appellant urges this court to rule that her cause of action, previously barred by limitations, was revived by the *Novak* decision. The trial court recognized the fallacy of that argument and followed the Supreme Court's directive in State ex rel. Whitaker v. Hall, 358 S.W.2d 845, 851, which states:

"A statute of limitations will not be construed so as to affect causes of action already barred, if such construction can reasonably be avoided * * *. Revival by statute of a right of action already barred by limitations is an extreme exercise of legislative power * * *." (Emphasis added)

Appellant erroneously believes that the opinion in Bernhardt v. Perry, closed the courts to a wife's action for loss of her husband's services and thereby prevented appellant from prosecuting her claim. In fact, the *Bernhardt* decision never was

the law in this jurisdiction. Both the *Bernhardt* and the *Novak* decisions deal with general or substantive law which is distinguished from procedural or adjective law and defined by the Supreme Court in Barker v. St. Louis County, 340 Mo. 986, 104 S.W.2d 371, 378, as follows:

"Substantive law is that part of the law which creates, defines and regulates rights, as opposed to adjective or remedial law, which prescribes the method of enforcing or obtaining redress for their invasion. (Citations omitted) The distinction between substantive and procedural law is that substantive law relates to rights and duties which give rise to a cause of action while procedural law is the machinery for carrying on the suit."

As stated, Bernhardt v. Perry was expressly overruled by the Novak v. Kansas City Transit, opinion. Accordingly, the *Novak* decision has retrospective effect. As said in Shepherd v. Consumers Cooperative Association, 384 S.W.2d 635, 640 (Mo.Sup.):

"Concerning the proposition as to whether the decision in the *Novak* case should be given retroactive or prospective effect, the applicable rule is well stated in the case of Barker v. St. Louis County (citation omitted) where the court said:

" 'Our rule is that if the overruled decision is one dealing with a rule of procedure, that is, procedural or adjective law, then the effect of the subsequent overruling decision is prospective only; but if the overruled decision is one dealing with substantive law, then the effect of the subsequent overruling decision is retroactive.' "

* * * * * *

"Since the matter of wife's right to recover for her own personal damages resulting from the negligent infliction of injuries upon her husband involves a matter of substantive law, the contentions

of respondent (that Novak should be applied prospectively only) must be overruled and those of the appellant sustained."

Since the Bernhardt decision, dealing with general or substantive law, was expressly overruled the rule stated therein never was the law in this jurisdiction. See Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S.W.2d 519, 525 (1935), reaffirmed by the court en banc in Shepherd v. Consumers Cooperative Association, *supra*, at 640, wherein the court stated:

"In matters of general law, former cases are overruled because the ruling therein never was the law and the case in hand is decided the same as if such overruled case had never been written. Such has been our constant practice * * *."

■ Bernhardt v. Perry, having never been the law in this jurisdiction, could neither impose a disability, judicial or otherwise, nor extend the period of limitations. Appellant's cause of action was barred by the statute of limitations after February 20, 1963.

Appellant also contends that the court erred in dismissing her claim as to respondent Scottish Rite because it waived its right to rely on the statute of limitations by inviting appellant to file her claim.

As we have stated, appellant's husband, on December 11, 1967, refiled his action for personal injuries.

Civil Rule 66.01(c), V.A.M.R., provides: "If an injury * * * is inflicted upon the person of one spouse, and causes of action therefor accrue to the injured spouse and also to the other spouse for loss of consortium and services, or either, they shall be enforced in one action brought by both spouses. The cause of action of a spouse required to join in an action as a party plaintiff under this Rule shall be barred by failing to join therein after the defendant has given such spouse thirty days' notice in writing of the pendency of the action and of the necessity to join therein. * * *."

On January 9, 1968, counsel for Scottish Rite sent a letter to appellant stating: "We represent defendant in the above matter wherein your spouse seeks damages for personal injuries. Said action does not encompass any claim you may have for the loss of your spouse's services. Unless such claim is asserted in the above lawsuit, any such claim will be barred after 30 days from the date you receive this notice."

Within 30 days after receiving that letter and on February 2, 1968, appellant joined with her husband and asserted her claim.

No case dealing with this exact situation has been called to our attention, and our independent research has disclosed none.

■ As said in Schwab v. Brotherhood of American Yeoman, 305 Mo. 148, 264 S.W. 690, 692: "A waiver is an intentional relinquishment of a known right. To make out a case of implied waiver of a legal right there must be a *clear, unequivocal and decisive act* of the party showing such purpose, or acts amounting to an estoppel on his part." (Emphasis ours)

It is stated in 34 Am.Jur. Sect. 412, page 325, that: "The matter alleged to constitute estoppel must have occurred prior to the expiration of the limitation period and not after the right of action had been barred by the running of the statute."

And in 130 A.L.R. page 18, it is said: "It may be laid down as a general rule that the acts, promises, or representations relied upon as giving rise to an estoppel against pleading the statute of limitations must have occurred prior to the expiration of the limitation period."

■ In addition there is no evidence of a clear and unequivocal intent to waive the defense. On the contrary, a reasonable inference can be drawn from the evidence that Scottish Rite preferred to force appellant's claim to final judgment rather

than allow it to lie dormant with the possibility that it might be asserted at a later date.

The judgments should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the court and the judgments are affirmed.

All concur.