**W. Ray NEAL and Virginia Neal, his wife, Plaintiffs-Respondents,**

v.

**LACLEDE GAS COMPANY, a corporation, Defendant-Appellant.**

**No. 35430.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 23, 1974.

M. E. Stokes, B. A. Smith, L. J. Bannes, St. Louis, for defendant-appellant.

Fordyce, Mayne, Hartman, Renard, Stribling & Boedeker, P. Terence Crebs, St. Louis, for plaintiffs-respondents.

WEIER, Acting Presiding Judge.

Defendant Laclede Gas Company appeals from a verdict and judgment in favor of plaintiffs W. Ray Neal and his wife, Virginia Neal, in the amount of $700.00. The primary issue on this appeal is whether plaintiffs' action was barred by the statute of limitations. We find that the applicable statutory period had elapsed before plaintiffs commenced their action, and therefore we reverse the judgment.

In March, 1964 plaintiffs purchased an air conditioning and furnace system from defendant. The purchase price was approximately $1,400.00. This cooling and heating system was installed in April, 1964. The written contract of this sale included a guarantee by defendant against defects in materials and workmanship for a period of one year from the date of installation. Plaintiffs also entered into "preventive maintenance contracts" with defendant for the upkeep of their cooling and heating system. These contracts were annual and were renewed each year from April, 1965 through 1970.

The air conditioning system failed to cool plaintiffs' house the first summer it was in operation, and seldom operated as required thereafter. The system was noisy and failed completely from time to time. Pursuant to the maintenance contracts mentioned above, Laclede servicemen would perform the necessary repairs on plaintiffs' system. From 1965 to 1970, de-

spite defendant's attempts to repair, often within a week or two after repair work the cooling unit would again fail to operate satisfactorily. During this time defendant's personnel told plaintiffs that the unit could be made to perform as expected. However, by 1970 a Laclede representative explained to plaintiffs that the system was beyond repair. Plaintiffs accordingly accepted this advice, and had a new system installed in late 1970 or early 1971.

Suit was filed on February 11, 1971 in two counts. One count, based on breach of the written contract of sale, was dismissed by plaintiffs without prejudice. Verdict and judgment were rendered on the remaining count, based on breach of warranty; plaintiffs' theory being that the air cooling unit had failed to perform satisfactorily.

On appeal defendant contends, among other things, that the judgment should be reversed because plaintiffs failed to initiate their action within the period allotted by the statute of limitations. In deciding this question, the applicable statutes of limitations are § 516.100 and § 516.120, RSMo 1969, V.A.M.S. Section 516.100 provides in part: "Civil actions, * * * can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; * * * the cause of action shall not be deemed to accrue when the wrong is done * * *, but when the damage resulting therefrom is sustained and is capable of ascertainment, * * *." The pertinent part of § 516.120 limits the time to five years on all actions upon contracts, obligations, or liabilities, express or implied.[1]

■■■■ In this case, the air conditioning system was purchased in March, 1964 and installed in April, 1964. Plaintiffs' testimony revealed that they immediately had problems with the unit, problems which continued until it was replaced in 1970.

Thus, under § 516.100, *supra,* any damage resulting was both sustained and capable of being ascertained as early as 1964. But a statute of limitations does not begin to run until the right to sue arises. Chemical Workers Basic Union v. Arnold Sav. Bank, 411 S.W.2d 159, 164 [6] (Mo. banc 1966). Here, as noted earlier, defendant had guaranteed plaintiffs' unit for a period of one year after installation. In such a situation, it has been held that the right to sue does not then arise until expiration of the guarantee period, since during this time a defendant would have to be given the opportunity to make repairs. Ballwin Plaza Corp. v. H. B. Deal Construction Co., 462 S.W.2d 687, 689 [3, 4] (Mo.1971). Defendant's written guarantee expired in April, 1965. Plaintiffs then had five years from this time, pursuant to § 516.120, *supra,* to commence their action against defendant. Suit was filed on February 11, 1971, more than five years after the statute of limitations had started to run.

Plaintiffs do not contend that their action was filed in time. Instead they urge that defendant is estopped to assert the statute of limitations as a bar to their action; or in the alternative, they claim the statute has been tolled. They base these assertions on the fact that defendant not only made repairs on the cooling unit from 1965 to 1970, but also gave assurances that the system would operate satisfactorily. The evidence did show that repairs were made during these years, and that defendant's personnel in conversations with plaintiffs did relate to them that the system could be made to operate to their satisfaction. Plaintiffs admit that no Missouri authority can be cited in support of their theory. Rather, they point to cases from other jurisdictions to sustain their position. There is authority from other states for the proposition plaintiffs assert; i. e., when a warranty is breached, the making of repairs coupled with assurance of satis-

---

1. In a case such as this, the applicable statute of limitations for causes of action accruing after July 1, 1965 is § 400.2–725, RSMo 1969 (Uniform Commercial Code).

factory performance tolls the statute of limitations.[2] But it should be noted that in the cases cited by plaintiffs the statute of limitations was tolled. No theory of estoppel was employed to bar the assertion of the statute as a defense.

■■ While there is authority in other states to support plaintiffs' contentions, Missouri case law is well-settled as to when a statute of limitations is tolled. What plaintiffs are suggesting here is that the circumstances of their case except them from the five-year limitation of § 516.120. Statutes of limitations are favored in the law, and cannot be avoided unless the party seeking to do so brings himself within some exception. Strict compliance is required with regard to specific statutory exceptions. Wilkinson v. Bennett Construction Company, 442 S.W. 2d 166, 168 [1] (Mo.App.1969); Emanuel v. Richards, 426 S.W.2d 716, 718 [3–6] (Mo.App.1968); National Credit Associates, Inc. v. Tinker, 401 S.W.2d 954, 956 [1–3] (Mo.App.1966); Hunter v. Hunter, 237 S.W.2d 100, 104 [7–9] (Mo.1951); Hoester v. Sammelmann, 101 Mo. 619, 14 S.W. 728, 730 [1] (1890). Further, statutes of limitations may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions. Wilkinson v. Bennett Construction Company, *supra*, 442 S.W.2d at 168, 169 [1]; Hunter v. Hunter, *supra,* 237 S.W.2d at 104 [7–9]. While we are here dealing with general statutes of limitations, the above principles apply also to specific statutes of limitations, and even cases of hardship make no difference. See State ex rel. Whitaker v. Hall, 358 S.W.2d 845 (Mo. banc 1962); Black v. City National Bank and Trust Company, 321 S.W.2d 477 (Mo.1959); Frazee v. Partney, 314 S.W.2d 915 (Mo. 1958); Binkley Company v. Teledyne Mid-America Corporation, 333 F.Supp. 1183

(E.D.Mo.1971); aff'd 460 F.2d 276 (8th Cir. 1972).

■ Plaintiffs have failed to point out any statutory exception. We therefore turn to the argument that the acts and representations of defendant estop it from asserting limitation as a defense. In entertaining such an argument we must consider the following facts. Plaintiffs' cause of action was based on breach of warranty. Defendant repeatedly attempted to repair the air conditioning unit and gave plaintiffs assurance of successful operation. But, as noted previously, plaintiffs' right to sue arose in April, 1965 upon the expiration of defendant's guarantee. From April, 1965 through 1970 the "preventive maintenance contracts" were in effect between plaintiffs and defendant. Thus, any repair attempts or assurances on defendant's part concerning the air conditioning unit were at least as referable to the maintenance contracts as to the guarantee. Suit was not brought on these contracts. Rather it was brought on the warranty arising from the original sale.

■ To constitute an estoppel, the proof supporting it must be absolute and unequivocal. Nothing can be supplied by intendment. And if an act or admission is susceptible of two constructions, one of which is consistent with another obligation of the party to be estopped, there is no estoppel. Peerless Supply Co. v. Industrial Plumb. & Heat. Co., 460 S.W.2d 651, 666 [20] (Mo.1970); National Match Co. v. Empire Storage & Ice Co., 227 Mo.App. 1115, 58 S.W.2d 797, 799 [10] (1933).

Since plaintiffs' action was not commenced within five years as required by § 516.120 RSMo 1969, their suit should have been dismissed. The judgment is therefore reversed.

CLEMENS and RENDLEN, JJ., concur.

2. *See*: Mack v. Hugh W. Comstock Associates, Inc., 225 Cal.App.2d 583, 37 Cal.Rptr. 466 (1964); Bowman v. Oklahoma Natural Gas Company, 385 P.2d 440 (Okl.1963); Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 12 Cal.Rptr. 257, 360 P.2d 897 (1961); Louisville Silo & Tank Co. v. Thweatt, 174 Ark. 437, 295 S.W. 710 (1927).