**Harvey WILLIAMS d/b/a Williams Moving & Storage, Respondent,**

v.

**Robert V. MARKT d/b/a Robert V. Markt Trucking, Appellant.**

No. WD 39039.

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Robert D. Colley, St. Joseph, for appellant.

Frank H. Strong, Maryville, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a civil action for breach of an oral contract. The judgment is affirmed.

Appellant presents two points which, in summary, charge the trial court erred (1) in denying appellant's motion to dismiss upon the premise that the action was barred by the statute of limitations; and (2) in refusing to submit appellant's tendered instructions on the defense of the statute of limitations.

The pertinent facts are as follows:

At the time in question, respondent was the owner/operator of an over-the-road trucking business. Appellant was a lessee of respondent, and appellant would deliver loads for respondent and be paid a percentage per trip. Respondent held both a Missouri Public Service Certificate and an Interstate Commerce Certificate, permitting his operation to be both intrastate and interstate. Sometime in the latter part of 1971 or early 1972, the parties agreed that respondent would sell and appellant would purchase respondent's business.

At trial, the purchase price and items of purchase were disputed. Respondent testified that appellant agreed to purchase the P.S.C. authority for $25,000.00, along with two refrigeration-type trailers for a $5,000 and $6,000 price, making the total purchase price $36,000. Appellant testified that he agreed to purchase the P.S.C. authority for $15,000, and to pay $10,000 for only one of the trailers. The evidence revealed that the P.S.C. authority was transferred to appellant. In addition, there was evidence that appellant used the trailer he disclaimed purchasing. The record also includes an accounting by respondent of payments made by appellant toward the purchase price with a claimed balance of

$9,916.69. Appellant, on the other hand, claimed he owed only the sum of $1,293.22.

There was introduced into evidence a letter under date of April 18, 1984, addressed to respondent from appellant's attorney and which was accompanied by a check in the sum of $1,293.22. This check was also made an exhibit. The letter explained how appellant claimed the remaining balance of $1,293.22, and that tender of that sum was in full payment on the contract. Respondent never cashed the check for the $1,293.22.

The evidence closed. The jury returned its verdict in the sum of $9,916.69 in favor of respondent. This appeal followed the overruling of timely-filed post-trial motions. Any other facts deemed necessary to the disposition of this appeal will be considered *infra*.

Under his first point, appellant charges that the trial court erred in overruling his motion to dismiss on the basis that respondent's claim was barred by the statute of limitations. Appellant's assertion is that since the contract was entered into in either late 1971 or early 1972, and that payments thereunder ceased in 1979, and absent any acknowledgment of the debt by appellant, the debt was not removed from the operation of the statute of limitation, § 516.120, RSMo 1986 and § 516.320, RSMo 1986.[1]

Disposition of this issue centers upon the effect, if any, of the letter from appellant's counsel, with the check for $1,293.22. Appellant, of course, argues that such letter with tendered payment was not a written promise within the meaning of § 516.320.

Appellant asserts that the letter in question was not an unequivocal admission of the debt or a willingness to pay the balance thereof. The pertinent portion of the letter reads as follows:

This office represents Robert V. Markt, with whom you made an agreement, either in 1971 or 1972 for the purchase of a certain trailer, the use of another, and the purchase by Mr. Markt of a certain Certificate providing authority for transportation of goods, which authority we now understand has lapsed. The agreement was for a total purchase price of $25,000.00 to be payable at no interest at the rate of 10% of any loads transported under the Certificate of Authority, but in no event, greater than 29% of the principal balance due on the purchase agreement of $25,000.00.

Our records indicate that this amount has now been paid down to the sum of $1,293.22, and I am enclosing our client's check in that amount, which will pay you in full for this agreement entered into. We will not require a release, however, your endorsement of this check will result in your settling in full, any and all claims that you have, pursuant to this sale agreement.

A fair reading of the foregoing portion of the letter supports the following conclusions. First, the terms of the agreement are set forth as interpreted or understood by appellant. Second, there is the acknowl-

---

1. Section 516.120 reads as follows:

    **516.120. What actions within five years**

    Within five years:

    (1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;

    (2) An action upon a liability created by a statute other than a penalty or forfeiture;

    (3) An action for trespass on real estate;

    (4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;

    (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

    **516.320. Actions barred, only revived by written promise**

    In actions founded on any contract, no acknowledgment or promise hereafter made shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of sections 516.-100 to 516.370, or deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby.

edgment of a debt and the tender of payment of that debt. Third, it is quite clear that appellant knew of and authorized his attorney to act on his behalf. The accompanying draft was drawn on appellant's business account.

 When the above items, disclosed by the letter and check, are matched against the terms of § 516.320, it is quite obvious that the letter and check fall within the terms of the statute as "some writing subscribed by the party chargeable thereby." The letter, on its face, acknowledges the existence of a debt, even though the amount claimed as a balance might have been disputed. There was a tender of payment by the attachment of appellant's check. There is no required form or format regarding the acknowledgment of the debt, and the promise to pay may be implied. *Green v. Boothe,* 239 Mo.App. 73, 188 S.W.2d 84, 88 (1945). In the instant case, payment was tendered and no inference of payment was necessary.

In addition, the tendered payment by appellant was the intended payment of the debt due after the debt was barred by the statute. Such tender revived the debt and the statute commenced the running of the time period anew. *Hickey v. Sigillito,* 162 S.W.2d 638, 642 (Mo.App.1942). The fact that appellant claimed only a balance of $1,293.22 was due does not alter the fact that tender of such payment was an acknowledgment of the debt being due and owing.

 The trial court did not err in overruling appellant's motion to dismiss because of the statute of limitations, because the letter and accompanying tender of payment constituted the acknowledgment of the debt by a party, the appellant, who was chargeable thereby. Thus, the letter and tender of payment took the case out of the statute of limitations (§ 516.120) within the meaning of § 516.320. Appellant's first point is without merit and is ruled against him.

Under appellant's final point, he charges the trial court with error upon the court's refusal to submit two tendered instructions upon the defense of the running of the statute of limitations.

 The determination as to the sufficiency of the acknowledgment of a debt so as to take it out of the statute of limitations in satisfaction of § 516.320 is one of law, not of fact. *Warlick v. Peterson,* 58 Mo. 408, 411 (1874).

What appellant sought by his tendered instructions was the jury's determination (i.e., factual determination) of the lapse of the statutory period and whether the debt had been revived by the letter and tendered payment of April 18, 1984. These matters were not within the province of the jury. The trial court did not err in its refusal to submit appellant's tendered instructions. There is no merit to appellant's second point and it is ruled against him.

Judgment affirmed.

All concur.

