Lois and Matt BARABA, Respondents,

v.

Wallace STUART, Appellant.

No. 55931.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 14, 1989.

Jack Russell Itzkowitz, St. Louis, for appellant.

Edward C. Vancil, Clayton, for respondents.

DOWD, Judge.

Homeowner appeals the decision in a court-tried case filed by a contractor seeking payment for services rendered. We affirm.

The evidence most favorable to the trial court's decision is as follows. In 1986, appellant initiated construction of a residence for his personal use. He hired Aaron Orr, who he knew through mutual employment in the construction industry, to install the inside plumbing on the home. In late 1986, appellant asked Mr. Orr if he knew of anyone who could install a septic tank. Mr. Orr contacted respondent Matt Baraba, a friend who operated a sewer business, and asked him if he could do the job "for as cheap as possible." Mr. Baraba agreed to do the job and to give Mr. Stuart a price break. He quoted an hourly rate to Mr. Orr who relayed that rate to appellant.

Mr. Baraba started work at appellant's home on October 11, 1986 and ended on February 10, 1987. During this time, Mr. Baraba's contact with appellant was conducted through Mr. Orr. Respondents furnished Mr. Orr with an interim billing statement on February 2, 1987 in the amount of $9,881.97 which was relayed to appellant. Respondents presented a final bill for $10,397.37 in the same manner. When respondents did not receive payment, they called appellant directly in late May of 1987. Appellant asked them for another copy of the bill and assured them he would pay.

On August 11, 1987, respondents filed suit against appellant. This action recited two counts, one claiming an oral contract existed, the other in quantum meruit, and requested damages of $10,397.37 plus interest. The cause was heard without a jury. Mr. and Mrs. Baraba both testified that appellant had not yet paid for installation of the septic tank. Appellant denied this contention, claiming he paid Mr. Orr over $3,000 for sewer work. Appellant also denied many of the operative facts set forth above and opined that he had an oral contract with Mr. Orr for sewer work, including the septic tank, and that Mr. Baraba was a subcontractor of Mr. Orr. The trial court entered judgment for respondents in the amount of $5,200 without issuing any findings of fact or conclusions of law.

Appellant now challenges this judgment with four points on appeal. He claims the court erred in: (1) finding that appellant made an oral contract with respondents; (2) not finding that a subcontract existed between Mr. Orr and respondents, thus operating as a complete defense to the quantum meruit count; (3) granting respondents' judgment when they failed to plead or prove that appellant had not paid Mr. Orr for the sewer work; and (4) finding respondents had proven the reasonable value of the services provided.

Respondents presented two possible theories at trial and the court did not indicate which theory it accepted.[1] We need not determine which theory the judge used as long as we can determine that he reached the proper result. *Buckhorn Rubber Products, Inc. v. Robison,* 763 S.W.2d 690, 691 (Mo.App.1988). Appellant's first point addresses the contract theory and the final three address quantum meruit. We must affirm if we determine that either of these theories supports the trial court's decision and we need not address any point concerning the remaining theory.

We first address the appellant's points two and three challenging the application of quantum meruit. These two points center on the rule of law that, because quantum meruit is based on unjust enrichment, a subcontractor cannot recover from a landowner under this theory if the landowner has paid the general contractor; in such an instance, the landowner has not incurred an unjust enrichment. *Lee Brothers Contractors v. Christy Park Baptist Church,* 706 S.W.2d 608, 609 (Mo.App. 1986). A subcontractor must plead nonpayment to the prime contractor in his petition to state a claim for quantum meruit. *Green Quarries Inc. v. Raasch,* 676 S.W.2d 261, 265 (Mo.App.1984). Appellant

---

1. In oral contract cases, the correct amount of recovery is based on the charges agreed upon by the parties, not the reasonable value as is appropriate in quantum meruit cases. *Colletta and Sons v. R.J. Stephens, Etc.,* 670 S.W.2d 114, 116 (Mo.App.1984). Because the award in this case is considerably less than respondents' bill, which is based on the hourly rate as testified to, the court appears to have used a quantum meruit theory rather than a contract theory.

argues in point two that the court erred in failing to find a contractor/subcontractor relationship, thus preventing recovery in quantum meruit because Mr. Orr was paid. In point three, he claims respondents were not entitled to recover in quantum meruit because they failed to plead and prove this issue and thus failed to state a cause of action.

■ This claim, although legally sound, ignores the facts of this case. Respondents do not contend that they were subcontractors under Mr. Orr. Instead, they claim that appellant requested Mr. Orr's help in finding someone to install the septic tank and Mr. Orr operated as a liaison between the two parties. Mr. Orr never had a contract to furnish the septic tank work and thus could not subcontract that work. The need for this arrangement could stem from the fact that Mr. Baraba was born in Yugoslovia and, as the transcript indicates, may have had some trouble communicating in English. The relationship may also have developed because Mr. Baraba was offering his services at a cut rate based on his friendship with Mr. Orr. In short, there is sufficient evidence to support the proposition that respondents were not subcontractors and thus that they were not required to plead non-payment to the prime contractor. The court was not required to accept appellant's evidence supporting a finding that respondents were subcontractors. Respondents' petition did allege that appellant refused to pay. Mr. Baraba and Mr. Orr testified that neither of them received payment for the septic tank installation, leading to the finding that appellant was in fact unjustly enriched. The rule of law discussed above does not prevent application of quantum meruit in this case and appellant's points two and three are without merit.

■ Appellant then contends that respondents failed to prove the reasonable value of their services as required for recovery in quantum meruit. He cites *Baker v. Brown's Estate*, 294 S.W.2d 22 (Mo. 1956), for the proposition that a plaintiff must provide expert testimony of the "price usually and customarily paid for such services at the time and in the locality where the services were rendered" and contends that Mr. Orr's and Mr. Baraba's testimony was insufficient to meet this burden of proof.

In Missouri, a plaintiff seeking payment for services under quantum meruit can testify as an expert in his own behalf as to reasonable value of those services. *Richard B. Curnow, M.D., Inc. v. Sloan*, 625 S.W.2d 605, 607 (Mo. banc 1981). A contractor's experience in his profession qualifies him to testify as an expert to reasonable rates. *Bodde v. Burnham*, 588 S.W.2d 516, 519 (Mo.App.1979). Also, under the law of evidence, a party must object to a witness's expert qualifications at trial or he cannot later claim that the opposing party failed to present expert testimony because his witness was not qualified. *State v. Northeast Building Co.*, 421 S.W.2d 297, 301 (Mo.1967).

In the case at bar, both Mr. Baraba and Mr. Orr testified that the fees reflected in the billing statements were reasonable. Appellant did not object on the grounds of qualification at either point in the trial and thus cannot now claim the men were unqualified as experts. Even disregarding this failure to preserve the issue, we believe respondents did meet their burden of proof. Mr. Baraba had twenty-two years experience in the sewer business, the last fifteen as operator of his own sewer service company. Such a position, requiring bidding against other contractors, must produce a knowledge of reasonable service rates. Mr. Baraba appears eminently qualified to give an opinion as to reasonable value of services in this case and the fact that he is a plaintiff does not lessen his qualification. His testimony was bolstered by Mr. Orr's, who was a contractor and had worked for twenty-three years in the plumbing business. Consequently, there was sufficient, qualified expert testimony to meet respondent's burden of proof on this issue.

Appellant has failed to identify any error with the use of quantum meruit in this case. Because we find a legal theory on which the trial court's decision could be

based, we need not address appellant's point concerning the issue of oral contract and we affirm the judgment of the lower court.

SIMON, C.J., and SIMEONE, Senior Judge, concur.

