**ARCHWAY KITCHEN & BATH, INC., Plaintiff–Respondent,**

v.

**LANDS DEVELOPMENT CORPORATION, et al., Defendants–Appellants.**

No. 60126.

Missouri Court of Appeals, Eastern District, Division Three.

July 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 1992.

Application to Transfer Denied Oct. 27, 1992.

Campbell & Campbell, David L. Campbell, St. Louis, for defendants-appellants.

Gregory Luzecky, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff, Archway Kitchen & Bath (Archway) filed a two count petition to recover for labor and materials furnished at the residence of defendant Robert and Denise Meyer (Meyers) pursuant to an agreement between Archway and defendant Lands Development Corp. (Lands). Count I is predicated on a breach of contract theory. Count II seeks recovery in quantum meruit. At the close of the evidence in this court-tried case, the trial court entered judgment against defendants and in favor of Archway for $13,303.57. Lands concedes its liability. Meyers appeal from the underlying judgment. We affirm.

The evidence most favorable to the trial court's decision is as follows. Mr. Meyer is an investor in Lands. In 1988, Meyers added an L-shape addition to their home located at No. 4 Holiday Lane in Frontenac. This addition was comprised of a bathroom, kitchen, dining room, master bedroom suite and a butler's pantry. Meyers contacted Lands to oversee this major expansion.

In June 1988, Mr. Berry, an officer of Lands, contacted Mr. Richard Abell, vice-president of Archway. Abell, Berry and Bruce Paffett (an employee of Lands) met at Meyers' residence to discuss plans for the new addition. Archway took field measurements and drew up the plans which were later approved by Lands. Lands informed Archway that all bills/invoices were to be mailed directly to Lands' office, but earmarked Mr. Meyer's residence.

Archway delivered the following items to Meyers' residence, namely, custom-built bar cabinets, corner moldings, kitchen cabinets and drawers totalling $13,303.57. Meyers do not dispute the fact that Archway supplied the materials and performed the work at their residence. Instead, Meyers maintain that they paid Lands a sum of $120,000, everything Lands claimed was due.

At the close of Archway's evidence, Meyers moved for a directed verdict on two grounds. First, Archway failed to make a submissible case against Meyers on the breach of contract theory in that Archway failed to establish any agreement between itself and Meyers. Second, Archway failed to plead or prove non-payment by Meyers to Lands, an essential element of the quantum meruit claim. At the conclusion of all the evidence, Meyers again moved for a directed verdict on the same grounds. The trial court took the motions under submission to be ruled with the case.

Subsequently, on April 23, 1991, the trial court overruled Meyers' motion for directed verdict and entered judgment for Archway and against all defendants for $13,303.57, plus costs. The court did not indicate which theory it accepted. Mr. Abell's testimony as to the reasonable value of services Archway provided, suggests that the court used a quantum meruit theory rather than a contract theory. *Baraba v. Stuart*, 780 S.W.2d 136, 137 n. 1 (Mo.App. 1989). Our task is to ensure that the trial judge reached the proper result. *Id.*

Meyers claim trial court error in holding them personally liable to satisfy the judgment under either of the two theories. The judgment of the trial court will be sustained on appeal (1) unless there is no substantial evidence to support it, (2) unless it is against the weight of the evidence, (3) unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We give due regard to the trial court's opportunity to judge the credibility of the witnesses realizing that conflicts in the evidence are for the trial court to resolve. Rule 73.01(c), *Estate of Graves*, 684 S.W.2d 925, 926 (Mo. App.1985).

■ For the reasons discussed below, we believe that the judgment can be sustained under the quantum meruit theory. Quantum meruit is a remedy for the enforcement of a quasi-contractual obligation and is generally based on the principle of unjust enrichment. *International Paper Co. v. Futhey*, 788 S.W.2d 303, 306 (Mo. App.1990); *Green Quarries Inc. v. Raasch*, 676 S.W.2d 261, 264 (Mo.App. 1984); 1 S. Williston, *A Treatise On The Law Of Contracts*, Sec. 1.6 (1990). Unjust enrichment occurs when a person retains and enjoys the benefit conferred upon him without paying its reasonable value. *Green Quarries Inc.*, 676 S.W.2d at 264.

Meyers argue that Archway's quantum meruit claim fails for three reasons: 1) Archway, by failing to plead or prove non-payment by Meyers to Lands for the materials and labor in question, fails to state a cause of action, 2) The evidence establishes that Meyers did in fact pay Lands and therefore were not unjustly enriched, 3) Archway failed to avail the statutory remedy of mechanic's lien and failed to state a claim upon which relief can be granted.[1]

We are cognizant that non-payment by the owner to the general contractor must be pleaded by the sub-contractor in order to state a claim based on unjust enrichment.

---

**1.** Meyers cite to *Green Quarries* to advance this proposition. In *International Paper Co. v. Futhey*, 788 S.W.2d 303 (Mo.App.1990) the Court examined a similar contention raised by the owners and held that the majority of the *Green*

*Quarries* court rejected the argument that failure to perfect a mechanics lien against the property, precludes the sub-contractor from seeking payment from the owners. 788 S.W.2d at 305–306.

*Green Quarries Inc.,* 676 S.W.2d at 265. During trial, Meyers objected to Mr. Abell's testimony regarding the contract price for materials furnished. Meyers was concerned that this evidence would shed light on the allegation of non-payment by Meyers to Lands, an essential element to state a cause of action in quantum meruit. The trial court reserved ruling on the objection, permitting Mr. Abell to testify to the reasonable value of materials and labor.

At the close of plaintiff's case, Archway sought to read into evidence certain interrogatory answers submitted by Meyers. Meyers did not object and responded as follows:

> MR. CAMPBELL (counsel for Meyers): I have no problems with you taking judicial notice of any part of your file.
> THE COURT: I have already read the interrogatories. If it's all the same to you, I would rather just take notice of the file. And—

Relevant to our decision is Meyers' response to the following interrogatory submitted by Archway.

> 7. Do you claim that Plaintiff, or any other person, firm or entity was paid for the materials and supplies furnished by Plaintiff? If so, please state:
> ANSWER: NO

It is Archway's contention that the above response is tantamount to Meyers' admission that no payment was ever made for the materials and labor furnished by Archway. Meyers belabor the fact that Archway's petition does not allege non-payment by Meyers to Lands. Rule 55.33(b) states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

■ Meyers' originally objected to the introduction of evidence as to the reasonable value of materials provided by Archway. However, Meyers consented to the admission of evidence i.e. interrogatory answers, at the conclusion of plaintiff's case. Failure to timely specifically object to evidence beyond the scope of the pleadings constitutes implied consent for determination of issues thereby raised. *Arnett v. Venters,* 673 S.W.2d 67, 72 (Mo.App.1984).

■ We believe that this evidence, i.e. Meyers' response to the interrogatory, establishes that they did not pay anyone for the services rendered by Archway. The introduction of this evidence cured any defect in Archway's pleadings. There was substantial evidence to support the trial court's judgment.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.