Richard R. FORRY, Appellant,

v.

DEPARTMENT OF NATURAL
RESOURCES, et al.,
Respondent.

No. WD 49318.

Missouri Court of Appeals,
Western District.

Oct. 4, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1994.

Application to Transfer Denied
Jan. 24, 1995.

John A. Ruth, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah J. Neff, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Chief Judge.

Appellant, Richard R. Forry, appeals the entry of summary judgment by the Circuit Court of Cole County, Missouri, in favor of respondents, the Department of Natural Resources, State of Missouri, and the Department's Director, David Shorr, in Forry's action for damages incurred as a result of respondents' refusal to pay Forry for overtime hours he accumulated while employed by respondents.

Forry has been employed by respondents as a Historic Site Administrator at Arrow Rock, Missouri, since July 15, 1975. For purposes of calculating overtime compensation, Forry's position is classified as a "category 1" pursuant to the Office of Administration Merit System Pay Plan and Index of Classes. Category 1 employees are entitled to pay or compensatory time off at a rate of one times the actual number of overtime hours worked. In his employment position, Forry is normally scheduled to work 40 hours per week. However, Forry accumulated 2067 hours in overtime. The Department of Natural Resources (Department) had established maximum accruals of compensatory time balances for its employees. The Department's maximum accrual amount was 240 hours (and changed to 100 hours for the Division of Parks, effective October, 1992).

In a memorandum dated July 30, 1991, to Forry from Lori Huber at the Department, Ms. Huber stated:

We are in the process of verifying individual compensation time balances and would like for you to confirm your balance as of June 30, 1991.

Our records indicate that you have 2067.0 hours of compensatory time as of June 30, 1991. If this total is correct, please sign below and return to Lori Huber by August 16[, 1991].

Forry signed this memorandum, indicating that he had accumulated 2067 hours in overtime. Thus, Forry and the Department agreed that Forry had accumulated 2067 hours of compensatory time.

Gaston de la Torre, Director of Personnel at the Department, testified by deposition. Mr. de la Torre indicated that Forry began his paid compensatory time leave on or about August 24, 1992. Evidently, the Department wanted Forry to reduce his 2067 hours in overtime to the 100 hour maximum accrual. Thus, Forry was directed to stay on compensatory time leave until he reduced his balance to 100 hours.

Mr. de la Torre testified that he completes on an annual basis a report for the Division of Accounting called a CFAR Report. The CFAR Report is a financial reporting for the

State. As part of that report, compensatory time hours of each employee are supposed to be provided. Mr. de la Torre stated that Forry failed to provide his time sheets on several occasions. In 1990, Forry evidently did not report any compensatory time for the CFAR Report, but in 1991, he reported 2067 hours. Mr. de la Torre, however, testified that the Department "accepts" that Forry had accumulated 2067 hours of compensatory time.

Forry, in his deposition, testified that in the beginning of 1989, he had accumulated 2139 hours in overtime. In September of 1989, Forry had 2151 hours in overtime. Time sheets for October of 1989 through January of 1990 are not included in the record and are apparently nonexistent. In February of 1990, Forry's overtime balance was 2067. That balance apparently remained about the same through 1991 and into 1992. Forry admitted that the bulk of the overtime hours that he worked was prior to January of 1989. As of July of 1992, Forry still had 2067 hours in overtime. He testified that he was placed on administrative leave with pay in August of 1992 to "work down the overtime balance." Forry stated that he returned to work on October 1, 1993, at which time his overtime hours had decreased to 137 hours.

On September 22, 1992, Forry filed a three-count petition against respondents in the Circuit Court of Cole County. In Count I, Forry alleged that respondents are required by the Fair Labor Standards Act, 29 U.S.C. § 207 et seq., to pay Forry for his overtime hours. Forry sought damages for $37,243.71 for his accumulated overtime hours which remain unpaid, together with interest, plus liquidated damages in the amount of $37,243.71, plus attorney fees and costs.

In Count II, Forry alleged breach of contract in that, pursuant to 1 CSR 20–5.020(3), respondents promised to pay Forry for all overtime hours exceeding 240 hours, the established maximum accrual. Pursuant to 1 CSR 20–5.010(1)(E), respondents promised to pay at a rate not less than one and one-half times the regular rate at which he is employed or, in the alternative, under 1 CSR 20–5.010(1)(D), at Forry's regular rate of pay for said overtime hours which exceed the maximum accrual amount. Forry alleged that although he performed his obligations under the contract, respondents have refused to pay him for said accumulated overtime hours. Forry sought $37,243.71, or in the alternative, $23,787.54, together with interest.

In Count III, the quantum meruit count, Forry alleged that at the request of respondents, Forry performed work in excess of his ordinary and required duties for the respondents' benefit, that respondents accepted such extra work which amounted to 2067 hours, that the reasonable value of such extra work was at a rate not less than one and one-half times the regular rate at which he was employed, totalling $40,368.51, or in the alternative, was at least the same rate at which he was employed, totalling $26,912.34, and that respondents became indebted to Forry for the reasonable value of such extra work and, although Forry demanded this amount, respondents have failed and refused to pay this amount.

On March 25, 1993, Forry filed a Motion for Summary Judgment. Respondents filed a Motion for Partial Summary Judgment on March 29, 1993. In respondents' Motion for Partial Summary Judgment, respondents argued that, as to Forry's Count I, the Portal-to-Portal Act, 29 U.S.C. § 255, establishes a two-year statute of limitations for claims brought pursuant to the Fair Labor Standards Act (FLSA), which statute of limitations starts to run when the claim accrues. Respondents contended that the statute of limitations commenced when the first pay period passed that Forry was not compensated for overtime or compensatory hours. Thus, respondents argued that Forry's claim is barred by the statute of limitations.

As to Forry's Count II, the breach of contract count, respondents argued that this count is also limited by the two-year state statute of limitations, section 516.140, RSMo 1986. Finally, as to Forry's Count III, the quantum meruit claim, respondents argued that in order for Forry's claim in equity to lie, Forry must show that he has no adequate remedy at law. However, Forry alleged in

Counts I and II that he has an adequate remedy at law. Respondents further argued that the statutory remedy provided by the FLSA is the sole remedy available to enforce the employee's rights under the FLSA. Respondents also argued that Forry is being compensated for the work he has done by being placed on paid administrative leave. Finally, respondents argued that 1 CSR 205.020(3)(A), as cited by Forry, did not become final and effective until January 1, 1990 and, thus, did not apply to Forry until January 1, 1990. Prior to January 1, 1990, the applicable regulation was 1 CSR 20–5.030.

In their Motion for Partial Summary Judgment, respondents asked that the court enter judgment limiting Forry's claims for overtime or compensatory hours for the two years prior to the date the petition was filed, September 22, 1992, that Count III of Forry's petition (quantum meruit) be dismissed, and that 1 CSR 20–5.020(3)(A) only be applied from its effective date of January 1, 1990.

In an order dated June 30, 1993, the circuit court limited Forry's claims for overtime or compensatory hours to the overtime accrued for the two years preceding the date the petition was filed (September 22, 1992), dismissed Count III of Forry's petition, the quantum meruit cause of action, and ordered that 1 CSR 20–5.020(3)(A) will only apply from its effective date of January 1, 1990.

On January 24, 1994, respondents filed a Motion for Summary Judgment moving the court to grant summary judgment against Forry on Counts I and II of Forry's petition. Respondents alleged that Counts I and II are barred by their respective two-year statutes of limitations. Respondents argued that, based on Forry's deposition, the evidence was clear that Forry accrued his 2067 hours of compensatory time prior to September 22, 1990 and, thus, the applicable federal and state statutes of limitations barred Forry's claim for reimbursement.

In an order dated March 10, 1994, the trial granted summary judgment in favor of respondents on Counts I and II. The trial court further denied Forry's Motion for Summary Judgment. In its Findings of Fact and Conclusions of Law, the court found that Forry accrued the 2067 hours of overtime/compensatory time on or before January 1, 1989 and was not paid for this 2067 hours of overtime/compensatory time in his next monthly paycheck. The court found that Count I of Forry's petition is barred by 29 U.S.C. § 255 "because the two year statute of limitations ran well before [Forry] filed his suit on September 22, 1992." The court found that Count II is barred by the statute of limitations set out in section 516.140, RSMo 1986, "as it was well over two years since [Forry] was not first paid for the overtime at issue prior to [Forry] filing suit on September 22, 1992." The court found that there was never any admission by respondents that they would pay Forry monetarily rather than require him to take paid compensatory leave to reduce his overtime. Thus, section 516.320, RSMo 1986, does not remove the bar of the statute of limitations.

This appeal followed.

### I.

In his first point on appeal, Forry argues that the trial court erred in granting summary judgment against Forry on the basis that Count I and Count II were barred by the two-year statutes of limitations found at 29 U.S.C. § 255 and section 516.140, RSMo 1986, respectively. In support of his argument, Forry raises four subpoints: (1) On July 30, 1991, and thereafter, respondents acknowledged in writing that appellant had accumulated 2067 hours of compensatory time and that, pursuant to section 516.320, RSMo 1986, this "new or continuing agreement" was sufficient to take the claim out of the operation of the relevant statutes of limitations; (2) Respondents are estopped from arguing that appellant's action is barred by the statute of limitations because they "assured appellant they would settle the overtime hours dispute with him and would honor his claim for same such that appellant forewent filing an action for damages"; (3) Respondents clearly intended to credit appellant with 2067 hours of compensatory time such that respondents waived the statute of limitations defense; and (4) The July 30, 1991 memorandum constituted an accord executory or an account stated such that a five-

year statute of limitations applies under section 516.120, RSMo 1986.

### Standard of Review

■■ Summary judgment will be upheld on appeal if we determine that the movant had a right to judgment as a matter of law and that no genuine issues of material fact existed. *Rodgers v. Czamanske*, 862 S.W.2d 453, 457 (Mo.App.1993). For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.* Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper. *Id.*

■ When considering an appeal from a summary judgment, we will review the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376.

### Section 516.320 Argument

■ Forry argues that the grant of summary judgment in favor of respondents on Counts I and II of Forry's petition, on the basis that both counts were time barred by their respective statutes of limitations, was error because section 516.320, RSMo 1986, operated to revive the actions and remove the respective time bars.

■ 29 U.S.C. § 255, the statute of limitations applicable to the FLSA count (Count I), provides that any action to enforce any cause of action for unpaid overtime compensation under the FLSA may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued. It has long been held that under 29 U.S.C. § 255 a cause of action "accrues" at each regular payday immediately following the work period during which the services were rendered and for which the compensation is claimed. *Hartt v.*

*United Construction Co.*, 655 F.Supp. 937, 938 (W.D.Mo.1987).

■■ Section 516.140, RSMo 1986, which sets forth the statute of limitations applicable to Forry's breach of contract count (Count II), provides, in pertinent part, as follows:

An action by an employee for the payment of ... unpaid overtime compensation or liquidated damages by reason of the non-payment of ... overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto ... shall be brought within two years after the cause accrued.

An employee's cause of action against his employer for additional compensation accrues when payment is due but not made. *Perkins v. Schicker*, 641 S.W.2d 432, 434 (Mo.App.1982). Thus, the statute of limitations would commence when the overtime compensation was due but not paid. *Id.* at 435. Under section 516.140, RSMo 1986, the cause of action accrues at the same time it accrues under the federal statute, 29 U.S.C. § 255.

Section 516.320, RSMo 1986, provides:

In actions founded on any contract, no acknowledgement or promise hereafter made shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of sections 516.100 to 516.370, or deprive any party of the benefit thereof, *unless such acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby* (emphasis added).

■■ The determination as to the sufficiency of the acknowledgment of a debt so as to take it out of the statute of limitations in satisfaction of section 516.320 is one of law, not of fact. *Williams v. Markt*, 742 S.W.2d 577, 579 (Mo.App.1987). There is no required form or format regarding the acknowledgment of the debt, and the promise to pay may be implied. *Id.* An acknowledgment in writing of a debt to remove the bar of the statute of limitations must contain an unqualified and direct admission of a present subsisting debt. *Perkins*, 641 S.W.2d at 436.

"The acknowledgment must ... be distinct, unqualified, and unconditional, clear, distinct and unequivocal, ... and mere vague and uncertain expressions or conversations will not suffice." *Green v. Boothe,* 239 Mo.App. 73, 188 S.W.2d 84, 88 (1945).

In his brief, Forry argues that it was not until July 30, 1991, in a memorandum from Lori Huber, that the parties agreed that Forry had accumulated 2067 hours in overtime. The memorandum, which was sent to Forry, stated as follows:

We are in the process of verifying individual compensatory time balances and would like for you to confirm your balance as of June 30, 1991.

Our records indicate that you have 2067.0 hours of compensatory time as of June 30, 1991. If this total is correct, please sign below and return to Lori Huber by August 16.

Forry argues that this memorandum is clearly an "acknowledgment" by respondents "contained by or in some writing subscribed by the party chargeable thereby." Forry contends that the memorandum "clearly evidences a fixed and certain obligation to pay some valuable thing to Appellant, whether it was money or paid administrative leave from work." Since written acknowledgment of the number of Forry's overtime hours did not occur until July 30, 1991, suit filed on September 22, 1992 was within the two-year statute of limitations.

The trial court, however, in its March 10, 1994 order granting respondents summary judgment, found that there was nothing in the exhibits provided by the parties that qualifies as a direct admission that respondents would pay Forry rather than requiring him to take compensatory leave to reduce the 2067 hours in overtime. The court therefore found that section 516.320, RSMo 1986, does not remove the bar of the statute of limitations.

We agree with the trial court's conclusions. The July 30, 1991 memorandum did not constitute an "acknowledgment" that respondents would pay Forry for his accumulated overtime. It simply sought to verify and acknowledge the number of overtime hours Forry had accumulated. Furthermore, there was no agreement, by contract or otherwise, that respondents would pay Forry for his overtime hours rather than give him compensatory leave with pay.

We find that section 516.320, RSMo 1986, did not operate to remove the time bar of the respective statutes of limitations for Counts I and II of Forry's petition.

Point denied.

### Estoppel Argument

■ Forry argues further that respondents are estopped from arguing that appellant's action is barred by the statute of limitations because they "assured appellant they would settle the overtime hours dispute with him and would honor his claim for same such that appellant forewent filing an action for damages." Forry contends that respondents had been "lulling" Forry into a false sense of security regarding his accumulation of overtime hours since the late 1980s, and that in reliance on respondents' representations, Forry "forbore suit until an agreement could be reached" as to the amount of accumulated overtime hours. Thus, it is Forry's position that until the issue of the number of his overtime hours was resolved, he could not go forward on his claim for monetary compensation.

The record reflects that much of the "dispute" regarding the number of Forry's overtime hours was due to Forry's own failure to turn in his monthly time sheets consistently and in a timely fashion. Thus, Forry himself contributed to the problem of resolving the issue of Forry's compensatory time.

Forry relies on *Perkins v. Schicker,* 641 S.W.2d 432 (Mo.App.1982), to support his estoppel argument. In *Perkins,* plaintiffs, police officers seeking to recover accrued unpaid overtime compensation, contended that a stay order lulled them into a "false sense of security" and defendants should be estopped from raising the bar of the statute of limitations contained in section 516.140, RSMo 1986. *Id.* at 436. Plaintiffs relied on *State Farm Mutual Automobile Insurance Co. v. Budd,* 185 Neb. 343, 175 N.W.2d 621 (1970), to support their contention. The *Perkins* court found as follows:

In *State Farm,* defendant insurer on three occasions assured plaintiff it would "honor" plaintiff's claim. In reliance on the insurer's assurances, plaintiff forebore suit. The court held that the defendant insurers could not take advantage of the "trickery and dishonesty to defeat plaintiff's just claim." 175 N.W.2d at 624. We do not find that situation here.

*Perkins,* 641 S.W.2d at 436.

Forry claims that the court in *Perkins* implied that had it found that the defendant had made such assurances to the plaintiffs and that the plaintiffs had chosen not to file an action against the defendants because the plaintiffs relied on those assurances, the defendants would have been estopped from arguing the claims were barred by the statute of limitations.

The record reflects that respondents in the case at bar never made assurances to Forry that they would pay Forry for his overtime rather than requiring him to take compensatory leave. In fact, Forry knew that it was respondents' policy to place their employees on administrative leave with pay rather than paying them for accumulated overtime. Forry, however, wanted pay for his accumulated overtime.

The fact that respondents never made assurances to Forry that they would pay him for his overtime, coupled with the fact that Forry himself contributed to the confusion over his accumulated overtime, leads us to conclude that Forry's estoppel argument is without merit.

Forry's estoppel argument is denied.

### Waiver Argument

██ Forry argues here that respondents clearly intended to credit him with 2067 hours of compensatory time such that respondents waived the statute of limitations defense.

Forry argues that respondents' clear and unequivocal intent to waive the bar of the statute of limitations is shown by the following evidence in the record: (1) Mr. de la Torre testified by deposition that when an employee works overtime, whether he had his supervisor's approval or not, the employee is allowed the overtime—"They've earned it. They've worked it. They said they worked it, they earned it;" (2) The July 30, 1991 memorandum from Lori Huber asking Forry to verify or confirm that he had accumulated 2067 hours in overtime; (3) Mr. de la Torre's testimony acknowledging that Forry had 2067 hours in overtime in July of 1992, when he wrote to Forry telling him that he needed to reduce his balance in overtime hours; and (4) In August of 1992, respondents required Forry to take administrative leave to reduce his overtime hours to the maximum accrual level.

██ The statute of limitations may be waived if there is a clear, unequivocal and decisive act of the party showing such purpose. *Wilkinson v. Bennett Construction Co.,* 442 S.W.2d 166, 170 (Mo.App.1969). The acts or representations alleged to constitute estoppel against the pleading of the time bar, must have occurred prior to the expiration of the limitation period and not after the right of action had been barred by the running of the statute. *Id.*

In the case at bar, respondents never represented to Forry that they would pay him for his accumulated overtime. While respondents may have agreed that Forry had accumulated 2067 hours in overtime, respondents never indicated to Forry that he would be paid for the overtime rather than be placed on administrative leave with pay.

The record reflects that, at least as of 1986 and most likely before that, Forry was aware that the policy of respondents was opposed to the payment of overtime. Thus, instead of paying employees for accumulated overtime, respondents required employees to take compensatory leave.

Respondents have not shown an unequivocal intent to waive the statute of limitations defense.

Point denied.

### Accord Executory/Account Stated Argument

██ Forry further argues that the July 30, 1991 memorandum constituted an accord executory or an account stated such that a

five-year statute of limitations applies under section 516.120, RSMo 1986.

As stated above, the July 30, 1991 memorandum from Lori Huber of the Department to Forry, stated as follows:

We are in the process of verifying individual compensatory time balances and would like for you to confirm your balance as of June 30, 1991.

Our records indicate that you have 2067.0 hours of compensatory time as of June 30, 1991. If this total is correct, please sign below and return to Lori Huber by August 16.

Forry signed the memorandum confirming his balance of 2067 hours in overtime.

Forry argues that at the moment he signed the memorandum pursuant to respondents' request that he do so if he agreed with respondents' records, the parties performed an *accord executory*. Forry states in his brief, "It was this contract, or accord executory, that Respondents have breached and for which Appellant is entitled to damages." In the alternative, Forry argues that the meeting of the parties' minds that occurred on July 30, 1991, constituted, as a matter of law, an "account stated."

Forry's arguments in this regard are misplaced. An "accord executory" is an agreement for the future discharge of an existing claim by a substituted performance. *Bestor v. American National Stores, Inc.*, 691 S.W.2d 384, 389 (Mo.App.1985). An "account stated" is an agreement between parties, who have had previous financial transactions, that a balance struck is correct and due between them, and a promise by the debtor, either express or implied, to pay the balance. *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d 640, 648 (Mo.App. 1987). It is a new cause of action arising from the prior monetary transactions, and amounts to an admission of liability by the debtor. *Id.*

The theories of "accord executory" and "account stated" simply have no application to the circumstances of the case at bar. The July 30, 1991 memorandum did not constitute an agreement that respondents would pay Forry for his accumulated overtime hours.

At best, the memorandum served as an agreement by the parties to the number of overtime hours that Forry had accumulated. It was not, however, an agreement to pay Forry for his 2067 hours of overtime less the maximum accrual amount.

Respondents chose instead to compensate Forry for his overtime by putting him on compensatory leave with pay so that he could reduce his overtime. The regulations in effect at the time Forry accumulated his overtime allowed respondents to place Forry on administrative leave with pay rather than paying him monetarily for his overtime.

Since we find that the theories of "accord executory" and "account stated" are not applicable here, Forry's argument is without merit and the five-year statute of limitations under section 516.120, RSMo 1986, does not apply.

Point denied.

The trial court did not err in granting summary judgment in favor of respondents on the basis that Counts I and II of Forry's petition were barred by the respective two-year statutes of limitations.

## II.

In his second point on appeal, Forry argues that the trial court erred in granting summary judgment against him on his claim for quantum meruit under Count III on the basis that Forry has an adequate remedy at law and that the FLSA is appellant's sole remedy "because at the pleading stage of the proceedings a party may set forth as many separate claims as he has regardless of consistency and whether based on legal or equitable grounds."

In his brief, Forry argues that "the trial court ignored the standard rule of pleading that allows Appellant to frame his claims in the alternative," and that "at the pleading stage, and until he is forced to choose which of his alternative theories have enough factual support to submit to the jury, Appellant is entitled to proceed under alternative theories." Forry contends that the trial court's grant of summary judgment on the quantum meruit count "is an example of the court electing Appellant's remedy for him."

Forry's argument is without merit, and the trial court did not err in dismissing Count III of Forry's petition, the quantum meruit cause of action.

 Quantum meruit is a remedy for the enforcement of a quasi-contractual obligation and is generally based on the principle of unjust enrichment. *Archway Kitchen & Bath, Inc. v. Lands Development Corp.*, 838 S.W.2d 13, 14 (Mo.App.1992). Unjust enrichment occurs when a person retains the benefit and enjoys the benefit conferred upon him without paying its reasonable value. *Id.*

 A party has the right to plead in the alternative and may state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds. *Sayers v. Bagcraft Corp. of America, Inc.*, 597 S.W.2d 280, 282 (Mo. App.1980); Rule 55.10. It is permissible to ask for alternative relief, either on a contract or in quantum meruit. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 (Mo. banc 1979). Thus, an action on contract and one on quantum meruit can be plead in separate counts in the same petition. *See Graves v. Merchants & Mechanics Mutual Fire Ins. Co.*, 235 Mo.App. 543, 139 S.W.2d 1039, 1043 (1940).

In the case at bar, Forry plead breach of contract in Count II and quantum meruit in Count III of his petition. While Forry was entitled to plead quantum meruit as a cause of action in his petition, the trial court, in considering the pleadings and matters outside the pleadings in ruling on respondents' Motion for Partial Summary Judgment, did not err in dismissing the quantum meruit count (Count III).

In its June 30, 1993 order, the trial court, in its Conclusions of Law, stated, in pertinent part, as follows:

23. Count III of plaintiff's petition is a claim in equity. In order for plaintiff's claim in equity to lie, plaintiff must show that plaintiff has no adequate remedy at law. However, in Counts I and II, plaintiff alleges that plaintiff has an adequate remedy at law. Plaintiff has alleged that plaintiff either is covered under the FLSA or has a state law claim and is protected by the State Merit System and its regulations. Plaintiff thus has an adequate remedy at law.

24. Case law has also held that the statutory remedy provided by the FLSA is the sole remedy available to enforce the rights an employee has under the FLSA. *Lerwill v. Inflight Motion Picture, Inc.*, 343 F.Supp. 1027, 1029 (N.D.Cal.1972); *Tombrello v. U.S.X. Corp.*, 763 F.Supp. 541, 545 (N.D.Ala.1991).

25. Further, the theory behind a claim for quantum meruit is that the defendant has not compensated the plaintiff for work done. In the case before this Court, plaintiff is currently on compensatory leave with pay and thus being compensated by defendants.

In the case at bar, there was no unjust enrichment. Instead of paying Forry for his accumulated overtime, respondents placed Forry on compensatory leave with pay so that he could reduce his overtime hours to the maximum accrual amount. The trial court did not err in dismissing Count III of Forry's petition.

Forry's second point is denied.

### III.

In his final point on appeal, Forry argues that the trial court erred in denying Forry's motion for summary judgment on Count II of his petition because no genuine issue of material fact exists regarding (1) the number of compensatory hours that Forry had accumulated, (2) Forry's status as a category "1" employee, (3) respondents' established maximum accrual for compensatory hours, and (4) Forry's rate of pay, such that as a matter of law, pursuant to 1 CSR 20–5.020(3), Forry is entitled to be compensated by pay for his accumulated compensatory time in excess of the established maximum accrual.

Since we have found under Point I above that Forry's Count II is barred by the applicable statute of limitations, we need not address this point. As stated above, the trial court did not err in granting summary judgment in favor of respondents on the basis that Count II of Forry's petition was barred

by the two-year statute of limitations, section 516.140, RSMo 1986.

Judgment affirmed.

All concur.